

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00491-CR

TROY BERNARD STOKER JR.                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a conviction for aggravated sexual assault of a child under fourteen years of age, wherein the jury assessed punishment at forty years' confinement. In two points of error, Appellant Troy Bernard Stoker Jr. challenges the trial court's decision to proceed to trial with eleven jurors and the trial court's exclusion of evidence of reputation for truthfulness of a witness. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## FACTS

Though there is no challenge to the sufficiency of the evidence, certain salient facts need to be shown in order to dispose of issues raised by Appellant. Appellant was in a relationship with Shawna Owens, K.D.'s mother. Appellant and Shawna had one child together. Even after the two broke up, Appellant continued to babysit K.D. and Troy, Jr., and the children regularly stayed with Appellant. Another girlfriend of Appellant, Michelle Woods, was talking with Shawna at Appellant's apartment. After the conversation, Shawna asked K.D. if Appellant had inappropriately touched her. K.D. responded in the affirmative, and both Shawna and Michelle reported the touching to the police. The evidence shows that a few days after the alleged touching incident, K.D. was interviewed by CPS workers, and she denied being abused by Appellant. No physical evidence of abuse was found, and no DNA was collected.

Appellant argued that there was a frame-up, that Shawna Owens was jealous of Michelle Woods, that there was evidence that Shawna stated she wanted to "stab" Appellant, and that she wanted to "get him." The evidence also suggests that Appellant was dating Michelle and Shawna at the same time, and that he was living in the apartment of yet another woman, Denise Harris, when K.D. was allegedly assaulted in that apartment.

## POINT NUMBER ONE

Appellant contends that the trial court improperly concluded that juror # 20,

2

John Nguyen, was disabled under the law, and excluded the juror erroneously. On the third day of trial, Nguyen told the trial court that he could no longer serve as a juror because 1) he was losing too much income and 2) he had difficulty understanding the testimony because of his lack of understanding the English language. The trial court ultimately excused Nguyen from the jury, and the trial proceeded with eleven (11) jurors.

Appellant contends that Nguyen was not disabled under article 36.29 of the code of criminal procedure because he indicated that he could listen to the testimony and would put out of his mind his loss of income. *See* Tex. Code Crim Proc Ann. art. 36.29 (West 2010). Although Appellant cites a pair of cases for our consideration, there is a threshold matter to be examined. The State contends that if there is indeed error in proceeding to trial with eleven jurors in this case, that error was invited by Appellant. We agree.

The record reflects that there was a conference in open court between the trial court, Appellant and his counsel, and the State. The trial court voiced its concerns about the fitness of Nguyen to continue to serve on the jury. Counsel for Appellant made it known to the trial court that he and his client did not want Nguyen to serve on the jury, and they preferred to finish the trial with eleven jurors. Subsequently, a written document was signed and entered of record in the trial. In the document, all parties agreed to finish the trial with eleven jurors, and indeed, the trial court sought and received the personal permission of Appellant to so proceed. All parties signed this written document, which is a part of the

3

clerk's record.

In *Woodall v. State,* 336 S.W.3d 634 (Tex. Crim. App. 2011), the defendant was offered an opportunity by the trial court to secure the presence of a recalcitrant witness by writ of attachment for cross-examination purposes, but the defendant declined the offer. Then, on appeal the defendant complained that he had been denied the right to cross examine the absent witness. The court of criminal appeals held that the law of invited error provides that a party cannot take advantage of an error that is invited or caused, even if such error is fundamental. *Id.* at 644, (*quoting Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (en banc). In other words, a party is estopped from seeking appellate relief based on error that it induced. *Prystash*, 3 S.W. 3d at 531. "To hold otherwise would be to permit [an appellant] to take advantage of his own wrong." *Id*. at 531.

In the instant case, Appellant not only joined the State in agreeing to discharge the juror, but also specifically informed the trial court that Nguyen was objectionable to him. Given these facts, Appellant is estopped from asserting a claim that Nguyen should not have been discharged by the trial court under article 36.29. A jury can proceed to verdict with eleven jurors if the defendant consents to same. *See Ex Parte Garza,* 337 S.W.3d 903, 911—12 (Tex. Crim. App. 2011) (citing *Hatch v. State,* 958 S.W.2d 813, 815-16 (Tex. Crim. App. 1997). Appellant's first point is overruled.

## POINT OF NUMBER TWO

In two, Appellant contends that the trial court erred by excluding evidence of Shawna Owens' reputation for truthfulness under Texas Rule of Evidence 608. During the trial, Appellant attempted to ask witness Laverdia Harris during direct examination, "Do you think Shawna Owens is the type of person to bring this up?" The State objected and the trial court sustained the objection. The implication by Appellant's line of questioning is that Shawna Owens fabricated the allegation of sexual assault and also convinced the victim to falsely accuse Appellant of sexual assault. Rule 608(a)(1) provides that the credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: 1) the evidence may refer only to character for truthfulness or untruthfulness. Tex. R. Evid. 608(a)(1). We believe that even if we assume *arguendo* that error was committed by the trial court in excluding legally admissible evidence under Rule 608(a)(1) , any such error was harmless on the facts of this case.

The rule as stated by our court of criminal appeals is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling. The rule applies whether the other evidence was introduced by the defendant or the State. *Leday v. State,* 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *see also Coble v. State,* 330 S.W.3d 253, 282, n. 82 (Tex. Crim. App. 2010); *Valle v. State,* 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).

**APPLICATION OF LAW TO FACTS**

5

In applying the rule from *Leday,* we must examine the whole record to determine if this evidence was admitted elsewhere without objection during the trial. *Johnson v. State,* 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). In cross-examination, Laverdia Harris was asked by the State about a conversation Harris had with Shawna Owens. The conversation concerned child support owed by Appellant to Owens, *viz:*

[PROSECUTOR]…The conversation with Shawna Owens late August, early September, what was the circumstances of that conversation?

[LAVERDIA HARRIS] Child support, and she said she's gonna get him.

Q. Did she say she's gonna to get money or get him?

A. No. Get him.

….

Q And then on August 26, 2010, I asked you again, I said, "Why would [K.D., victim] be saying these things," and this time you told me because you think her mom (Owens) put her up to this. Do you remember that?

A. Yeah.

Q. Okay.

A. I still feel that way.

Q. Okay, now, when I asked you in February of 2010, you said you didn't know why these things were coming out, correct?

A. Correct.

Q. And when I asked you in August of this year and then today, just so we're clear, are you telling me that now you think it's because Shawna put her up to this?

A. Yes.

6

And in a similar vein, when questioned by Appellant, Michelle Woods opined thusly:

[DEFENSE COUNSEL] Now, we've also talked before, is that correct?

[MICHELLE WOODS] That's correct.

Q. And when I asked you—I asked you one time before, do you think Shawna was the kind of person that set this up?

A. Uh-huh.

Q. What do you think?

A. I'd say, "Yeah she could."

….

Q. And you also said you think Shawna is the kind of person that would set this up.

A. Yes, I did say that.

Q. Why do you think that?

A. Just by what Troy told me of how their relationship was, the kind of person—she's vindictive, basically.

Two things are evident from the testimony of Laverdia Harris and Michelle Woods. First, the Appellant's theory of the case was that Shawna Owens engaged in a frame-up of Appellant, by soliciting untruths from K.D. concerning alleged sexual assaults by Appellant. Secondly, Woods was of the opinion that Owens had a motive to fabricate, i.e., Appellant's relationship with her (Woods). It seems clear from this testimony that Appellant was fully able to accomplish his goal through the testimony set out above. Even assuming the trial court was in

7

error in excluding the relevant testimony of Harris, the error, if any, was harmless in that it did not affect the substantial rights of Appellant.  Tex. R. App. P. 44.2(b).  Appellant's second point is overruled.

The judgment of the trial court is affirmed.


PER CURIAM


PANEL:  CHARLES F. CAMPBELL (Senior Judge, Retired, Sitting by Assignment); WALKER; and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 22, 2011