02-10-491-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00491-CR

 

 


 
 
 Troy Bernard Stoker Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

This
is an appeal from a conviction for aggravated sexual assault of a child under
fourteen years of age, wherein the jury assessed punishment at forty years’
confinement. In two points of error, Appellant Troy Bernard Stoker Jr. challenges
the trial court’s decision to proceed to trial with eleven jurors and the trial
court’s exclusion of evidence of reputation for truthfulness of a witness. We
will affirm.

FACTS

          Though
there is no challenge to the sufficiency of the evidence, certain salient facts
need to be shown in order to dispose of issues raised by Appellant.  Appellant
was in a relationship with Shawna Owens, K.D.’s mother.  Appellant and Shawna
had one child together.  Even after the two broke up, Appellant continued to
babysit K.D. and Troy, Jr., and the children regularly stayed with Appellant.  Another
girlfriend of Appellant, Michelle Woods, was talking with Shawna at Appellant’s
apartment.  After the conversation, Shawna asked K.D. if Appellant had
inappropriately touched her.  K.D. responded in the affirmative, and both
Shawna and Michelle reported the touching to the police.  The evidence shows
that a few days after the alleged touching incident, K.D. was interviewed by
CPS workers, and she denied being abused by Appellant. No physical evidence of
abuse was found, and no DNA was collected.   

          Appellant
argued that there was a frame-up, that Shawna Owens was jealous of Michelle
Woods, that there was evidence that Shawna stated she wanted to “stab”
Appellant, and that she wanted to ”get him.” The evidence also suggests that
Appellant was dating Michelle and Shawna at the same time, and that he was
living in the apartment of yet another woman, Denise Harris, when K.D. was
allegedly assaulted in that apartment.

POINT
NUMBER ONE

          Appellant
contends that the trial court improperly concluded that juror # 20, John
Nguyen, was disabled under the law, and excluded the juror erroneously. On the
third day of trial, Nguyen told the trial court that he could no longer serve
as a juror because 1) he was losing too much income and 2) he had difficulty
understanding the testimony because of his lack of understanding the English
language. The trial court ultimately excused Nguyen from the jury, and the
trial proceeded with eleven (11) jurors.

          Appellant
contends that Nguyen was not disabled under article 36.29 of the code of
criminal procedure because he indicated that he could listen to the testimony
and would put out of his mind his loss of income.  See Tex. Code Crim
Proc Ann. art. 36.29 (West 2010).  Although Appellant cites a pair of cases for
our consideration, there is a threshold matter to be examined. The State
contends that if there is indeed error in proceeding to trial with eleven
jurors in this case, that error was invited by Appellant. We agree.

          The
record reflects that there was a conference in open court between the trial
court, Appellant and his counsel, and the State. The trial court voiced its
concerns about the fitness of Nguyen to continue to serve on the jury. Counsel
for Appellant made it known to the trial court that he and his client did not
want Nguyen to serve on the jury, and they preferred to finish the trial with
eleven jurors. Subsequently, a written document was signed and entered of
record in the trial. In the document, all parties agreed to finish the trial
with eleven jurors, and indeed, the trial court sought and received the
personal permission of Appellant to so proceed. All parties signed this written
document, which is a part of the clerk’s record.

In Woodall
v. State, 336 S.W.3d 634 (Tex. Crim. App. 2011), the defendant was
offered an opportunity by the trial court to secure the presence of a
recalcitrant witness by writ of attachment for cross-examination purposes, but
the defendant declined the offer.  Then, on appeal the defendant complained
that he had been denied the right to cross examine the absent witness. The
court of criminal appeals held that the law of invited error provides that a
party cannot take advantage of an error that is invited or caused, even if such
error is fundamental. Id. at 644, (quoting Prystash v. State,
3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (en banc).  In other words, a
party is estopped from seeking appellate relief based on error that it induced.
Prystash, 3 S.W. 3d at 531. “To hold otherwise would be to permit
[an appellant] to take advantage of his own wrong.”  Id. at 531.

In
the instant case, Appellant not only joined the State in agreeing to discharge
the juror, but also specifically informed the trial court that Nguyen was
objectionable to him. Given these facts, Appellant is estopped from asserting a
claim that Nguyen should not have been discharged by the trial court under
article 36.29.  A  jury can proceed to verdict with eleven jurors if the
defendant consents to same. See Ex Parte Garza, 337 S.W.3d 903, 911—12
(Tex. Crim. App. 2011) (citing Hatch v. State, 958 S.W.2d 813,
815-16 (Tex. Crim. App. 1997).  Appellant’s first point is overruled.

POINT OF NUMBER TWO

In
two, Appellant contends that the trial court erred by excluding evidence of
Shawna Owens’ reputation for truthfulness under Texas Rule of Evidence 608.
During the trial, Appellant attempted to ask witness Laverdia Harris during
direct examination, “Do you think Shawna Owens is the type of person to bring
this up?” The State objected and the trial court sustained the objection. The
implication by Appellant’s line of questioning is that Shawna Owens fabricated
the allegation of sexual assault and also convinced the victim to falsely
accuse Appellant of sexual assault.  Rule 608(a)(1) provides that the
credibility of a witness may be attacked or supported by evidence in the form
of opinion or reputation, but subject to these limitations: 1) the evidence may
refer only to character for truthfulness or untruthfulness.  Tex. R. Evid.
608(a)(1). We believe that even if we assume arguendo that error
was committed by the trial court in excluding legally admissible evidence under
Rule 608(a)(1) , any such error was harmless on the facts of this case.

The
rule as stated by our court of criminal appeals is that overruling an objection
to evidence will not result in reversal when other such evidence was received
without objection, either before or after the complained-of ruling. The rule
applies whether the other evidence was introduced by the defendant or the
State. Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); see
also Coble v. State, 330 S.W.3d 253, 282, n. 82 (Tex. Crim. App. 2010); Valle
v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).

APPLICATION OF LAW TO FACTS

In
applying the rule from Leday, we must examine the whole record to
determine if this evidence was admitted elsewhere without objection during the
trial. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). In
cross-examination, Laverdia Harris was asked by the State about a conversation
Harris had with Shawna Owens. The conversation concerned child support owed by
Appellant to Owens, viz:

[PROSECUTOR]…The
conversation with Shawna Owens late August, early September, what was the
circumstances of that conversation?

 

[LAVERDIA HARRIS]
Child support, and she said she’s gonna get him.

 

Q. Did she say she’s
gonna to get money or get him?

 

A. No. Get him.

 

….

 

Q And then on August
26, 2010, I asked you again, I said, “Why would [K.D., victim] be saying these
things,” and this time you told me because you think her mom (Owens) put her up
to this. Do you remember that?

 

A. Yeah.

 

Q. Okay.

 

A. I still feel that
way.

 

Q. Okay, now, when I
asked you in February of  2010, you said you didn’t know why these things were
coming out, correct?

 

A. Correct.

 

Q. And when I asked
you in August of this year and then today, just so we’re clear, are you telling
me that now you think it’s because Shawna put her up to this? 

 

A. Yes.

 

And
in a similar vein, when questioned by Appellant, Michelle Woods opined thusly:

[DEFENSE COUNSEL]
Now, we’ve also talked before, is that correct?

          

[MICHELLE WOODS]
That’s correct.

 

Q. And when I asked
you—I asked you one time before, do you think Shawna was the kind of person
that set this up?

          

A. Uh-huh.

          

Q. What do you think?

 

          A. I’d say, “Yeah she could.”     

 

….

 

Q. And you also said
you think Shawna is the kind of person that would set this up.

 

A. Yes, I did say
that.

 

Q. Why do you think
that?

 

A. Just by what Troy
told me of how their relationship was, the kind of person—she’s vindictive,
basically.

 

Two
things are evident from the testimony of Laverdia Harris and Michelle Woods.  First,
the Appellant’s theory of the case was that Shawna Owens engaged in a frame-up
of Appellant, by soliciting untruths from K.D. concerning alleged sexual
assaults by Appellant.  Secondly, Woods was of the opinion that Owens had a
motive to fabricate, i.e., Appellant’s relationship with her (Woods). It seems
clear from this testimony that Appellant was fully able to accomplish his goal
through the testimony set out above.  Even assuming the trial court was in
error in excluding the relevant testimony of Harris, the error, if any, was
harmless in that it did not affect the substantial rights of Appellant.  Tex.
R. App. P. 44.2(b).  Appellant’s second point is overruled.

The
judgment of the trial court is affirmed.

 

PER
CURIAM

 

PANEL: 
CHARLES F. CAMPBELL (Senior Judge, Retired, Sitting by Assignment); WALKER; and
MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 22,
2011









[1]See Tex. R. App. P. 47.4.