

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1379-09

**PHYLLIS ANNE WOODALL, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and KEASLER, HERVEY, and COCHRAN, JJ., joined. PRICE, J., filed a concurring opinion. COCHRAN, J., filed a concurring opinion, in which HERVEY, J., joined. WOMACK, J., concurred. JOHNSON, J., dissented.

### O P I N I O N

Appellant was indicted for one count of aggravated promotion of prostitution (Count I) and four counts of engaging in organized criminal activity (Counts II-IV). The State proceeded to trial on Count II of the indictment. The jury found Appellant guilty, and the trial court sentenced Appellant in accordance with the jury's assessed punishment of 16 years' confinement and a $10,000 fine. The El Paso Court of Appeals affirmed the

conviction of the trial court, but it reversed and remanded the case for a new trial on the issue of punishment. *Woodall v. State*, No. 08-07-00015-CR, 2009 Tex. App. LEXIS 7112 (Tex. App.—El Paso Sept. 9, 2009) (not designated for publication). We granted review to determine whether Appellant's confrontation rights were violated. We will reverse the court of appeals and remand for consideration of Appellant's remaining point of error.

## I. FACTS

The Naked Harem was an adult-entertainment establishment in El Paso where patrons paid a cover charge to enter and to be entertained by women dancing nude. Appellant was a co-owner and operator of the nightclub. This case arises out of acts of prostitution that occurred on a regular basis at the club. Appellant was indicted for one count of aggravated promotion of prostitution (Count I) and four counts of engaging in organized criminal activity (Counts II-IV).[1] The State proceeded to trial on Count II of the indictment. *Woodall*, 2009 Tex. App. LEXIS 7112.

During the guilt phase of trial, the State called several former managers, dancers, and patrons of the club. Generally, the testimony indicated that the club's official policy was that no sexual contact was allowed anywhere in the club, including the private rooms, but it was common for the dancers to engage in sexual acts with the patrons. The testimony of the dancers and patrons who had engaged in sexual acts and prostitution in

---

[1]Appellant, her business partner, and four club managers were named in the indictment as members of the criminal combination.

the club, as well as other testimony and physical evidence connecting Appellant to the prostitution activities at the club, is summarized in the court of appeals's opinion. *Id.* at *3-8. The State rested its case-in-chief without calling Lucia Pinedo, a former dancer, to testify.

In her case-in-chief, Appellant presented the testimony of several dancers who stated it was club policy that no sex was allowed in the club and who claimed not to engage in acts of prostitution at the club. Appellant also testified in her own defense in an attempt to distance herself from the prostitution activities in the club. Following her own testimony, Appellant called Pinedo to testify as a defense witness.[2]

During direct examination by Appellant, Pinedo testified that she had been in a car accident at the age of eighteen and suffered memory loss. She specifically stated that although she had been told she danced at the Naked Harem, she did not remember it. She also asserted that she did not remember testifying before the grand jury, but she had been told that she had done so. On cross-examination by the State, Pinedo again affirmed that she did not remember dancing at the Naked Harem or testifying before the grand jury. Testimony also indicated that Pinedo was 15 years old when she danced at the Naked Harem. At the conclusion of Pinedo's cross-examination, there was no re-direct examination by Appellant.

---

[2]The record shows that the State had informed defense counsel that Pinedo had suffered memory loss and did not remember dancing at the club. However, counsel indicated that he was not aware of the full extent of the brain damage.

At that time, the trial court asked if Pinedo could be "permanently excused." The State requested that she be kept under subpoena for possible recall, so before excusing her "temporarily," the trial court instructed Pinedo to remain in the building in case her testimony was needed on that day or the next. Subsequently, a bench conference was held, during which Appellant discussed the remaining evidence she might introduce and the State represented that it was not going to have any rebuttal evidence. The jury was then excused for the evening.

The next day, Appellant offered three documents into evidence and then rested. The State, in its rebuttal, attempted to recall Pinedo to the stand. Because she was not present inside or outside of the courtroom, the State proposed to read Pinedo's grand jury testimony to the trial jury as past recollection recorded under Texas Rule of Evidence 803(5). Appellant objected on two grounds. First, she argued that the testimony was not admissible as past recollection recorded because the State had not laid the proper predicate. Second, she contended that the testimony would deny Appellant her right to confrontation and cross-examination—she would not have the opportunity to question Pinedo about the discrepancy between her grand jury testimony that she used her school ID card, which did not have her age, to obtain employment and a manager's testimony that a birth certificate was shown instead. The trial court offered to secure Pinedo's presence with a writ of attachment, but Appellant declined because it would be a futile act

due to Pinedo's lack of memory.[3] Consequently, the trial court overruled Appellant's objections and allowed the State to read into evidence the 57-page transcript of Pinedo's grand jury testimony.

The grand jury testimony was similar to the testimony of the other dancers called as witnesses by the State. Pinedo stated that although she was told no sex was allowed, she had sex and sexual contact with patrons on several occasions in the private rooms at the club. She also allowed patrons to touch her breasts and vagina during lap dances on the floor if they were willing to pay more. The only wrinkle added by the grand jury testimony was the fact that she was only fifteen years old when she was dancing at the club. Pinedo explained that when she sought employment, she showed the manager her high school ID card, not a social security card, and told the manager that she was eighteen years old. The State referred to Pinedo's age during its closing argument on several occasions.

The jury found Woodall guilty. During the punishment phase, the State re-visited the evidence presented at trial, including Pinedo's grand jury testimony. In urging the jury to consider a prison sentence rather than probation as Appellant requested, the State emphasized Appellant's lack of responsibility and that she never apologized for allowing "child prostitution" to occur. The State referred to the "15-year-old" multiple times, and it underscored the fact that Appellant allowed a "15-year-old" to work at the club as a

---

[3]Appellant points out that the State did not ask for attachment or request a continuance or recess.

prostitute, even when she looked like she was twelve. The trial court sentenced Appellant in accordance with the jury's assessed punishment of 16 years' confinement and a $10,000 fine.

## II. COURT OF APPEALS

On appeal, Appellant's eighth point of error argued that the admission of Pinedo's grand jury testimony violated the Confrontation Clause. The El Paso Court of Appeals agreed. *Woodall*, 2009 Tex. App. LEXIS 7112.

The court of appeals began by properly setting forth the *Crawford* standard for analyzing Confrontation Clause issues.[4] *See Crawford v. Washington*, 541 U.S. 36, 59 (2004). After acknowledging that grand jury testimony is testimonial in nature, the court concluded that the Confrontation Clause was implicated in this case because Pinedo was "absent" from trial due to her memory loss. The court noted that, although Pinedo was questioned by Appellant at trial, she testified to a complete memory loss as to the relevant subject-matter. It further stated that "'[a]bsence' in the sense implicating the *Confrontation Clause* does not always mean physical absence (although we note that Pinedo was physically absent when her testimonial statements were read)," and to support its proposition, the court cited to Texas Rule of Evidence 804(a)(3)[5] and several court of appeals opinions. *Woodall*, 2009 Tex. App. LEXIS 7112, at *12-13. Therefore, the court

---

[4]*See infra* Part IV. Caselaw.

[5]A witness who "testifies to a lack of memory of the subject matter of the declarant's statement" is considered unavailable as a witness. Tex. R. Evid. 804(a)(3).

of appeals held that "the *Confrontation Clause* was implicated here because the State used out-of-court testimonial statements about which the declarant could not be cross-examined due to memory loss." *Id.* at *13.

The court of appeals then addressed the State's argument that Pinedo's absence could have been remedied by a writ of attachment. The court determined that a writ of attachment would have been futile—it would not have changed the fact that Pinedo was absent because of her memory loss. Subsequently, the court of appeals held that the admission of Pinedo's grand jury testimony violated the Confrontation Clause as set forth in *Crawford*. Pinedo's memory loss made her unavailable, and "Appellant never had - and would not have had - an opportunity to cross-examine Pinedo regarding her grand jury testimony," even if Pinedo returned to court. *Id.* at *14.

Next, the court of appeals conducted a harm analysis. After articulating the standard for analyzing a *Crawford* error, including the four factors to consider,[6] the court

---

[6]Crawford error is constitutional error subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(a), which provides that "the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment). *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010). We have established that "courts reviewing whether the error in admitting out-of-court statements in violation of Crawford is harmless beyond a reasonable doubt should consider:
    (1) The importance of the hearsay statements to the State's case;
    (2) Whether the hearsay evidence was cumulative of other evidence;
    (3) The presence or absence of evidence corroborating or contradicting the hearsay testimony on material points; and
    (4) The overall strength of the prosecution's case."
*Davis v. State*, 203 S.W.3d 845, 852 (Tex. Crim. App. 2006).

held that the error was harmless as to the guilt phase but harmful as to the punishment phase. *Id.* at *15-18. It concluded that Pinedo's grand jury statement did not contribute to the conviction because it was cumulative of the former dancers' testimony, and even if the grand jury testimony were excluded, the evidence was legally sufficient to support a conviction. But the same could not be said at the punishment phase. The court stated that the alleged acts of child prostitution were "explosive and likely had a significant impact on the minds of the jurors." *Id.* at *16. Also, the court noted that no other child witness testified at trial and that the State sought a harsher punishment because Appellant never apologized for allowing child prostitution to occur. Accordingly, the court of appeals affirmed the judgment of the trial court but reversed and remanded the case for a new trial on the issue of punishment. Based on the resolution of this point of error, the court of appeals did not address the seventh point of error, which complained that Pinedo's grand jury testimony was erroneously admitted under the past recollection recorded hearsay exception.

We granted the State's petition for discretionary review challenging the court of appeals's holding that Appellant's constitutional right to confront the witnesses against her was violated. Specifically, the State's ground for review stated the following:

> The Court of Appeals erroneously concluded that witness Pinedo's memory loss rendered her "absent" from Woodall's trial, even though Pinedo had been called to testify by Woodall and in fact appeared and testified at Woodall's trial. And because Pinedo was not "absent" from Woodall's trial, the Court of Appeals further erred in holding that the admission of Pinedo's prior grand-jury testimony implicated the Confrontation Clause and violated Woodall's right to confront the

witnesses against her.

## III. ARGUMENTS OF THE PARTIES

### A. State's Argument

The State argues that the court of appeals erred in ruling that Pinedo's confrontation rights were implicated because it incorrectly concluded that Pinedo was "absent" from trial; that is, memory loss by a witness present at trial and subject to cross-examination by the defendant does not render the witness "absent" for Confrontation Clause purposes.

The State contends that the court of appeals set forth the proper standard for analysis, but it then incorrectly applied that standard.[7] The State asserts that the court commingled and confused the analysis of whether Pinedo was "absent" from trial under *Crawford* with the separate analysis of whether Pinedo was "unavailable" as a witness under the Texas Rules of Evidence. The State argues that the two tests are not equivalent, so being unavailable as a witness under Rule 804(a)(3) is not the equivalent of being absent from trial as contemplated by the Confrontation Clause. Further, the State insists that the three cases cited and relied on by the court of appeals are distinguishable from this case and provide little, if any, support for the conclusion that Pinedo was "absent" from trial.

In addition, the State argues that the Supreme Court has rejected the notion that a

---

[7]The State acknowledges and does not dispute that grand jury testimony is testimonial for confrontation purposes.

present and testifying witness is "absent" for Confrontation Clause purposes if the witness suffers memory loss to such a degree as to frustrate the defendant's attempts to cross-examine the witness about her out-of-court statement. Recognizing that the leading Supreme Court case on memory loss, *United States v. Owens*, 484 U.S. 554 (1988), pre-dates *Crawford*, the State cites several post-*Crawford* federal and state cases that have applied the *Owens* holding to *Crawford* claims based on the witness's memory loss. Hence, the State maintains that, according to precedent, Pinedo's memory loss did not render her "absent" from trial. Pinedo was called by Appellant, appeared at trial, and answered every question to the best of her ability, so the Confrontation Clause was not implicated by the admission of Pinedo's prior grand jury statement.

Finally, the State asserts that a temporary physical absence cannot support a Confrontation Clause violation here because, although Pinedo was not physically present when her grand jury testimony was admitted and she was not subject to further examination by Appellant, her absence could have been remedied. The State insists that Pinedo's absence was wholly caused by Appellant's express refusal to have her attached and brought into court. TEX. CODE CRIM. PROC. art. 24.12. Thus, according to the State, Appellant opted not to exercise her right to confront and should be estopped from complaining that her constitutional rights were violated, analogizing this to *Morales v. State*, 222 S.W.3d 134 (Tex. App.—Corpus Christi 2006, no pet.) (holding that there was no Confrontation Clause violation where Appellant was statutorily entitled to another

method of confrontation and chose not to use it).

### B. Appellant's Argument

Appellant responds that the Confrontation Clause was violated because Pinedo was absent at the time that her grand jury testimony was offered and was not cross-examined by Appellant about the pertinent subject-matter.[8]

To begin, Appellant contends that while *Crawford* facially appears to support the State's position, that position cannot withstand critical examination. Appellant argues that her confrontation rights were implicated when the State called Pinedo as a rebuttal witness and moved to read her grand jury statements into evidence, at which time the witness was not physically present. According to Appellant, it was not until the State sought to read the grand jury testimony that Pinedo became a "witness against [Appellant]," and it was only then that the Confrontation Clause was triggered. Further, Appellant asserts that the Confrontation Clause was violated because she had not previously had an opportunity to cross-examine Pinedo at the grand jury or at any time after the State actually read the grand jury testimony at trial and that the prior day's testimony did not afford her with the opportunity to confront Pinedo about the contents of her grand jury testimony.

---

[8] In her brief, Appellant also addresses her seventh point of error, arguing that Pinedo's grand jury testimony was erroneously admitted under the past recollection recorded hearsay exception of Rule 803(5). She asserts that the State conceded its failure to establish the predicate required for the admission of the testimony. Further, Appellant rejects the State's explanations as to why the trial court did not abuse its discretion by admitting the testimony.

Appellant likens her case to the situation where a defendant has a limited right to recross-examination when a new matter is brought out on re-direct examination. *See United States v. Ross*, 33 F.3d 1507 (11th Cir. 1994) (stating that "to allow redirect examination on new material but to deny recross-examination on the same material violates the Confrontation Clause") and *United States v. Caudle*, 606 F.2d 451 (4th Cir. 1979). Appellant notes that Pinedo's grand jury testimony included topics that were not addressed by either party on the preceding day of the witness's testimony (i.e., the details surrounding her activities at the Naked Harem), so her confrontation rights were violated when she did not have an opportunity to question the witness on the subject matter.

In addition, Appellant contends that the State did not sustain its burden to demonstrate a good-faith effort to procure Pinedo's presence. Appellant stresses that it is undisputed that Pinedo was not in the courtroom, and the record is silent as to why. She argues that it is the State's burden to demonstrate that, at that relevant time, Pinedo was "unavailable" within the meaning of the Confrontation Clause, and the State failed to present any evidence on this.

Finally, Appellant argues that *Owens* is distinguishable from this case. She claims that *Owens* tends to support the proposition that lack of memory does not render a witness "absent" from trial and that, had Pinedo been present and available for cross-examination when the statements were admitted, the Conformation Clause would not have been implicated. However, Appellant asserts that Pinedo was absent at the time the testimony

was presented and its admission violated the Confrontation Clause because the State had not shown Pinedo to be unavailable and Appellant did not have a prior opportunity to cross-examine.

## IV. CASELAW

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. CONST. amend. VI. This constitutional guarantee applies to both federal and state criminal prosecutions. U.S. CONST. amend. XIV; *Pointer v. Texas*, 380 U.S. 400, 406 (1965). The essential purpose of the Confrontation Clause is

> to prevent depositions or ex parte affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.

*Mattox v. United States*, 156 U.S. 237, 242-43 (1895). The Supreme Court has pointed out that although the confrontation rules and the rules of hearsay generally protect similar values, the overlap between the two is not complete. *Owens*, 484 U.S. at 560; *California v. Green*, 399 U.S. 149, 155-56 (1970).

"[W]hen the declarant appears for cross-examination at trial, the *Confrontation Clause* places no constraints at all on the use of his prior testimonial statements." *Crawford*, 541 U.S. at 59 n.9. Hence, to implicate the Confrontation Clause, an out-of-

court statement must (1) have been made by a witness absent from trial and (2) be testimonial in nature. *Id.* at 50-52, 59. If those threshold requirements are met, the statements are admissible and do not violate the Confrontation Clause only if (1) the declarant is unavailable and (2) the defendant had a prior opportunity to cross-examine the declarant. *Id.* at 59. Although we defer to a trial court's determination of historical facts and credibility, we review a constitutional legal ruling *de novo*. *Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010).

## V. ANALYSIS

In accordance with *Crawford*, we must first determine whether the Confrontation Clause is implicated in this case before deciding if the constitutional guarantee was violated; that is, we must decide if the out-of-court statement—Pinedo's grand jury testimony—was made by a witness absent from trial and if such statement was testimonial in nature. The State and Appellant agree that Pinedo's grand jury testimony is testimonial. *See Crawford*, 541 U.S. at 68. However, they dispute whether Pinedo was "absent" from trial. Although the court of appeals acknowledged that Pinedo was not physically present when her grand jury testimony was introduced, its holding was clearly based on the witness's memory loss. We believe that, under the facts of this case, memory loss did not render Pinedo "absent" for Confrontation Clause purposes.

In three key cases involving the interplay between memory loss and the Confrontation Clause, the Supreme Court has generally rejected the notion that a present

and testifying witness is nevertheless absent for confrontation purposes if the witness suffers from memory loss. First, in *California v. Green*, 399 U.S. 149 (1970), the State's witness's prior statements to police were admitted into evidence after he testified at trial that he could not remember the events described in those statements. The Court concluded that "where the declarant is not absent, but is present to testify and to submit to cross-examination, our cases, if anything, support the conclusion that the admission of his out-of-court statements does not create a confrontation problem." *Id.* at 162. Although the question of whether memory loss at trial of a witness with respect to a prior, out-of-court statement could result in a violation of the Confrontation Clause was "not ripe for decision,"[9] Justice Harlan, in a concurring opinion, opined that a witness's lack of memory should have no Sixth Amendment consequence. *Id.* at 168-69, 188.[10]

Second, in *Delaware v. Fensterer*, 474 U.S. 15 (1985) (per curiam), there was no Confrontation Clause violation when the State's expert witness testified that a hair had been forcibly removed from the victim's head, but he could not remember which of three possible methods he had employed to make that determination. The Court rejected the

---

[9]The Court found no constitutional violation in the admission of preliminary hearing testimony. *Green*, 399 U.S. at 165-68. The requirements of the Confrontation Clause were satisfied because the defendant, represented by counsel, had the opportunity to cross-examine the trial witness at the preliminary hearing. *Id.*

[10]On remand, the Supreme Court of California held that the defendant's opportunity to cross-examine the forgetful witness at trial satisfied the requirements of the Confrontation Clause because the witness testified at trial and the defendant had an "adequate" opportunity to question him. *People v. Green*, 479 P.2d 998, 1003-04 (Cal. 1971).

appellant's claim that the expert's lack of memory precluded the opportunity for adequate cross-examination because "the *Confrontation Clause* guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Id.* at 19. The Court explained that the "*Confrontation Clause* is generally satisfied when the defense is given a full and fair opportunity to probe and expose [forgetfulness, confusion, or evasion] through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony." *Id*. at 21-22. Still, the Court left unanswered the question of "whether there are circumstances in which a witness' lapse of memory may so frustrate any opportunity for cross-examination" that the Confrontation Clause is violated. *Id*. at 20.[11]

Finally, in *United States v. Owens*, 484 U.S. 554 (1988), the Supreme Court directly addressed the ultimate question of whether a Confrontation Clause violation could be founded upon a witness's memory loss. *Id.* at 558-61. In that case, the victim testified that while he recalled telling the detective in the hospital that appellant was his attacker, he had no actual memory of the event. *Id.* at 556-57. The Court stated that an opportunity for effective cross-examination is not denied merely because the witness

---

[11]The Supreme Court distinguished the issue of *Fensterer* from that left open in *Green* because only the latter involved the introduction of a prior, out-of-court statement. *Fensterer*, 474 U.S. at 20. However, in a concurring opinion, Justice Stevens understood the question unanswered in *Green* to be similar to the main issue in *Fensterer*—while *Green* involved an out-of-court statement and memory loss by the witness of the statement, *Fensterer* concerns an out-of-court conclusion and memory loss of the basis for that conclusion. *Id.* at 23-24.

suffers memory loss, and it is sufficient that the defendant has an opportunity to expose and probe the memory loss. *Id*. at 559-60. Thus, the Court held that memory loss by a witness present at trial and subject to cross-examination by the defendant does not render the witness absent, meaning that the Confrontation Clause is neither implicated nor violated by the admission of the witness's prior statements.

Although these cases are pre-*Crawford*, *Crawford* neither overrules nor undermines the *Owens* line of cases. In fact, several federal and state courts have applied *Owens* to *Crawford* claims based on witnesses' memory loss. *See, e.g., Yanez v. Minnesota*, 562 F.3d 958, 962-65 (8th Cir. 2009); *Blunt v. U.S.*, 959 A.2d 721, 727-31 (D.C. 2008); *Felix v. Mayle*, 379 F.3d 612, 617-18 (9th Cir. 2004), *rev'd on other grounds*, *Mayle v. Felix*, 545 U.S. 644 (2005); *Young v. Grace*, No. 3:CV-07-016, 2010 U.S. Dist. LEXIS 91214, at *44-46 (M.D. Pa. Sept. 2, 2010) (mem. op.); *Holliday v. Symmes*, Civil No. 09-735 (JMR/FLN), 2009 U.S. Dist. LEXIS 125652, at *13-16 (D. Minn., Nov. 11, 2009); *People v. Cowan*, 236 P.3d 1074, 1126-27 (Cal. 2010); *State v. Delos Santos*, 238 P.3d 162, 175-82 (Hawaii 2010); *People v. Sutton*, 908 N.E.2d 50, 69-70 (Ill. 2009); *Smith v. State*, 25 So. 3d 264, 269-71 (Miss. 2009); *State v. Holliday*, 745 N.W.2d 556, 564-68 (Minn. 2008). For example, in *Blunt v. U.S.*, 959 A.2d at 727-31, the District of Columbia Court of Appeals concluded that a witness's asserted inability to remember the events of the charged incident or the contents of her grand jury testimony did not deprive the defendant of his Sixth Amendment right of confrontation. And in

*Smith v. State*, 25 So.3d at 269-71, the Mississippi Supreme Court held that there was no Confrontation Clause violation when the State's witness was present and testifying but could not remember the details of her prior statements to police.

We agree with those cases and believe that memory loss does not render a witness "absent" for Confrontation Clause purposes if she is present in court and testifying. Consequently, had Pinedo been present and testifying when she was called by the State as a rebuttal witness and when the State read her grand jury testimony into evidence, she would not have been "absent" due to her memory loss. The court of appeals, therefore, erred in basing its holding on Pinedo's memory loss.

Still, we cannot ignore that Pinedo was not physically present when her grand jury testimony was introduced. Although Pinedo was present when she was initially called as a defense witness, she was not physically in court when the State called Pinedo as a rebuttal witness and read her out-of-court statement into evidence. However, we need not determine whether this physical absence triggered the Confrontation Clause because Appellant is estopped from arguing that her right to confrontation was violated.

The law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental. *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (en banc).[12] In other words, a party is estopped from

---

[12]We have distinguished invited error from waiver: "Waiver might usefully be distinguished from what is sometimes called 'invited error.' If a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error. This is not really a waiver of error previously committed. Rather, it is part of the definition of what can constitute

seeking appellate relief based on error that it induced. *Id.* "To hold otherwise would be to permit him to take advantage of his own wrong." *Id.*

Here, Pinedo's physical absence could have been remedied by a writ of attachment. TEX. CODE. CRIM. PROC. art 24.12.[13] When the State moved to introduce Pinedo's grand jury testimony into evidence, Appellant objected on Confrontation Clause grounds. Appellant's objection brought to the court's attention the possible confrontation errors that could arise from reading the testimony into evidence when the witness was not physically present in court and, thus, not subject to cross-examination. Hence, as the record reveals, the trial judge offered to issue a writ of attachment to bring Pinedo into court so that Appellant would have the opportunity to cross-examine the witness about her grand jury testimony. But Appellant, through counsel, expressly declined the proposed solution. The following exchange took place in response to Appellant's objections:

> THE COURT: The cure for that, I will allow it and under writ of attachment allow -- bring her back and allow you to ask her whatever questions you need in your reply.

> [APPELLANT]: Judge, but the problem is she says she doesn't remember anything, as we had the other day. So we're stuck with the situation where I cannot cross-examine a person --

---

error, and quite reasonably defines error of which a party may complain as excluding those actions of the trial court actually sought by the party in that tribunal." *Prystash*, 3 S.W.3d at 531.

[13]"When a witness . . . has been duly served with a subpoena to appear and testify in any criminal action or proceeding fails to so appear, the State or the defendant shall be entitled to have an attachment issued forthwith for such witness." TEX. CODE. CRIM. PROC. art 24.12.

THE COURT: Well, sir, I mean you created this quagmire by calling her, sir.  You were told prior to you calling her that she wasn't going to remember anything.  So, your response to this inability to cross-examine -- I have presented, let the record reflect, by writ of attachment.  If you want me to issue that, I will issue it right now, and she can be here hopefully as soon as possible, and we'll wait for her for you to cross examine her on whatever you need to cross examine her on, sir.

[APPELLANT]: Judge, the practical problem I have is that I cannot cross examine the grand jury testimony when they have introduced contradictory testimony from their own witnesses.  And it's irrelevant to call her because she will simply say I'm assuming that - - unless she's had a miraculous recovery

THE COURT: Well --

[APPELLANT]:  -- I had an accident, and I don't remember nothing.

[STATE]: You created this problem.

THE COURT:  Right. Right. It wasn't created by anyone but you, Mr. Gibson.

[APPELLANT]: In all honesty, somebody mumbled something that she doesn't remember anything.  I said, "Yeah, right."  But I never snapped on the fact that she had been in an automobile accident and has effected brain damage.  I'm not saying they didn't tell me --

THE COURT: I've given you the option.  Sir, I will give -- issue out the writ of attachment on her if you want to bring her back in to cross examine her.  Are you saying, no?  You don't want --

[APPELLANT]: I'm saying no, Your Honor.  It would be a useless exercise of futility.

THE COURT: Okay, sir, very well.

In light of the above exchange, it is evident that the trial judge offered to attach

Pinedo so as to remedy Appellant's objection to reading her grand jury testimony into

evidence without her being present.  As the judge clearly knew, a witness testifying

before a grand jury is not subject to cross-examination by the accused. *Moczygemba v. State*, 532 S.W.2d 636, 638 (Tex. Crim. App. 1976). So admission of a grand jury witness's testimony at a subsequent trial can lead to confrontation problems if that witness is not available. Appellant declined the court's invitation to bring Pinedo into court. Thus, Appellant induced the alleged error of which she now complains, and she may not argue on appeal that her confrontation rights were violated when Pinedo's grand jury testimony was read into evidence.[14]

This situation is similar to that in *Druery v. State*, 225 S.W.3d 491 (Tex. Crim. App. 2007), in which the appellant complained of a jury charge error, specifically that the failure to include the lesser-included offense instruction amounted to fundamental error. We held that the appellant was estopped from bringing such a claim because the record reflected that he "affirmatively advised the trial judge that he did not desire a charge on the lesser-included offense," thereby inducing the error of which he complained. *Id.* at 506.

Courts of appeals have ruled similarly. *See Morales v. State*, 222 S.W.3d 134, 143-44 (Tex. App.—Corpus Christi 2006, no pet.) (holding that the appellant was estopped from complaining on appeal that his confrontation rights were violated because he opted not to exercise that right when he chose not to take advantage of all statutorily

---

[14]The concurring opinion of Judge Price has couched the issue here in terms of waiver. This is not a waiver situation—Appellant did not waive her right to confront Pinedo. Appellant objected to the introduction of the grand jury testimony based on her confrontation rights, and in declining the court's offer to issue a writ of attachment, she simply told the court to continue.

authorized opportunities for cross-examination); *Mann v. State,* 850 S.W.2d 740, 742

(Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (determining that although the trial

court erred by failing to sign a consent to stipulate and by not obtaining from the

appellant a signed waiver of right to confront witnesses, the appellant induced the error

where he stipulated to the evidence and failed to complain about the defects, and where

his attorney tried to cut short the State's presentation of evidence and then asked the court

to take judicial notice of the evidence presented at the suppression hearing, representing

that he would only appeal the denial of the motion to suppress).[15]

Like the defendants in those cases, Appellant is estopped from bringing this

Confrontation Clause claim on appeal because she induced the error of which she now

complains.

**VI. CONCLUSION**

The court of appeals erred in holding that Pinedo's memory loss rendered her

---

[15]Invited error has also been applied in similar circumstances in the civil context. For example, in *Wackenhut Correctional Corp. v. De La Rosa*, 305 S.W.3d 594 (Tex. App.—Corpus Christi 2009, no pet.), the appellant had convinced the trial court to exclude expert testimony because the jury was "perfectly able" to comprehend the evidence and, thus, "the expert testimony was not necessary to assist the jury." *Id.* at 624. Then, appellant argued to the appellate court that such expert testimony was necessary to aid the jury because "the issue was beyond the jury's common experience." *Id.* Applying the doctrine of invited error, the court of appeals held that appellant could not raise that issue on appeal. *See also Birchfield v. Texarkana Mem'l Hosp.*, 747 S.W.2d 361, 365 (Tex. 1987) (holding that the appellant could not complain on appeal that an expert witness recounted hearsay conversations because the expert "was invited to err by defendant's counsel telling him to 'go right ahead' and explain an apparent inconsistency in his testimony," an explanation which included a conversation with another expert).

"absent" for Confrontation Clause purposes.  However, Appellant is estopped from arguing that her confrontation rights were violated because, although Pinedo was physically absent at the time her grand jury testimony was read into evidence, Appellant declined to have Pinedo attached and brought to court.  The judgment of the court of appeals is reversed, and the case is remanded for consideration of Appellant's remaining point of error.

Meyers, J.

Delivered: March 2, 2011

Publish