COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





PHYLLIS WOODALL,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-07-00015-CR

Appeal from
171st District Court

of El Paso County, Texas

(TC # 20040D01264)



 

 

 




O P I N I O N

            Phyllis Woodall appeals from a conviction of engaging in organized criminal activity. A jury
found Appellant guilty and assessed her punishment at imprisonment for a term of sixteen years and
a fine of $10,000. On September 9, 2009, the court issued an opinion which affirmed Appellant’s
conviction but reversed the sentence and remanded for a new punishment hearing because we
concluded that the trial court had abused its discretion by admitting a witness’s grand jury testimony
in violation of Appellant’s constitutional right to confront her accusers. Woodall v. State, No. 08-07-00015-CR, 2009 WL 2872837 (Tex.App.--El Paso Sept. 9, 2009). Finding that Appellant invited
the error, the Court of Criminal Appeals reversed and remanded for consideration of Appellant’s
remaining point of error. Woodall v. State, 336 S.W.3d 634 (Tex.Crim.App. 2011).


 We affirm.
ADMISSION OF GRAND JURY TESTIMONY
            In Point of Error Seven, Appellant contends that the trial court abused its discretion by
allowing the State to read into evidence the grand jury testimony of Lucia Pinedo, a former dancer
at the Naked Harem. Appellant was a co-owner and operator of the Naked Harem, an adult-entertainment establishment in El Paso.


 Patrons paid a cover charge to watch completely nude
female dancers. A patron could purchase a private dance in a private room for additional money and
the dancer would split the money earned with the Naked Harem. Count II of the indictment alleged
that Appellant and others, with intent to establish, maintain, or participate in a combination or in the
profits of a combination, committed aggravated promotion of prostitution. See Tex.Penal Code
Ann. § 71.02 (a)(3)(West 2011). During the guilt phase of trial, the State introduced testimony from
former managers, dancers, and patrons of the clubs to establish that it was common for the dancers
to engage in sexual acts with the patrons. According to one former manager, Jacob Crum, Appellant
knew that the dancers were engaging in prostitution and he overheard her tell one dancer that she
could make a lot of money by engaging in oral sex. When another former manager, Joel Rodriguez,
fired two dancers for engaging in prostitution in the private rooms, Appellant re-hired them and told
Rodriguez it was none of his business and he should not interfere with the dancers. The State rested
its case-in-chief without calling Pinedo to testify. In her defense, Appellant presented the testimony
of several dancers who explained that the club policy prohibited sexual contact with patrons and they
denied engaging in prostitution at the club. Appellant also testified and denied participating in a
combination, denied engaging in any activities that would have constituted prostitution, and denied
that any money she received from operating the club was directly derived from prostitution activity. 
Appellant then called Pinedo to testify even though defense counsel had been informed that Pinedo
had suffered memory loss and did not remember dancing at the club. Pinedo testified she had been
in a car accident and did not remember dancing at the Naked Harem or testifying before the grand
jury. During the State’s cross-examination, Pinedo admitted that she was fifteen years of age at the
time she worked at the Naked Harem. During rebuttal, the State attempted to recall Pinedo but she
was not present. Consequently, the State offered Pinedo’s grand jury testimony as a recorded
recollection under Tex.R.Evid. 803(5). Appellant objected to the grand jury testimony on the
ground that the State had failed to establish the predicate. The trial court overruled that objection
and allowed the State to read into evidence the 57-page transcript of Pinedo’s grand jury testimony. 
Pinedo testified before the grand jury that she was fifteen years of age when she worked at the Naked
Harem and she admitted that she had sex and sexual contact with patrons on several occasion in the
private rooms.
Rule 803(5) and Invited Error Doctrine
            Texas Rule of Evidence 803(5) provides that the following is not excluded by the hearsay
rule even though the declarant is available as a witness:
(5) Recorded Recollection. A memorandum or record concerning a matter about
which a witness once had personal knowledge but now has insufficient recollection
to enable the witness to testify fully and accurately, shown to have been made or
adopted by the witness when the matter was fresh in the witness’ memory and to
reflect that knowledge correctly, unless the circumstances of preparation cast doubt
on the document’s trustworthiness. If admitted, the memorandum or record may be
read into evidence but may not itself be received as an exhibit unless offered by an
adverse party.

Four elements must be satisfied before a recorded recollection is admissible under Rule 803(5): (1)
the witness must have had firsthand knowledge of the event; (2) the written statement must be an
original memorandum made at or near the time of the event while the witness had a clear and
accurate memory of it; (3) the witness must lack a present recollection of the evidence; and (4) the
witness must vouch for the accuracy of the written memorandum. Johnson v. State, 967 S.W.2d 410,
416 (Tex.Crim.App. 1998).
            When faced with a proper objection, the proponent of hearsay evidence bears the burden of
establishing that an exception applies that would make the evidence admissible despite its hearsay
character. See Taylor v. State, 268 S.W.3d 571, 578-79 (Tex.Crim.App. 2008); Vinson v. State, 252
S.W.3d 336, 339 n.15 (Tex.Crim.App. 2008). The State concedes on appeal that it did not establish
the fourth element of the predicate at trial because “Pinedo did not, in any way, acknowledge or
vouch for the accuracy of her prior grand-jury testimony” but it argues that Appellant invited the
error by refusing the trial court’s offer to have Pinedo attached. The law of invited error provides
that a party cannot take advantage of an error that it invited or caused even if the error is
fundamental. Woodall, 336 S.W.3d 644; Prystash v. State, 3 S.W.3d 522, 531 (Tex.Crim.App.
1999). In other words, a party is precluded from seeking appellate relief based on an error it induced. 
Id. The invited error doctrine does not apply to this issue because the State, as the proponent of the
hearsay evidence, had the burden of establishing all four elements of the predicate and Appellant’s
refusal of the trial court’s offer to attach the witness did not relieve the State of its burden nor did
it induce the error. As the State candidly notes in its brief, the prosecutor could have insisted on the
attachment even though Woodall refused it. See Tex.Code Crim.Proc.Ann. art. 24.12 (West
2009)(when a witness who has been duly served with a subpoena to appear and testify in any
criminal action or proceeding fails to appear, the State or the defendant is entitled to have an
attachment issued for the witness); Sturgeon v. State, 106 S.W.3d 81, 90 (Tex.Crim.App.
2003)(attachment of a witness who has been subpoenaed is a matter of right under Article 24.12).
Correction of False Impression
            The State next argues that Appellant opened the door to admission of Pinedo’s grand jury
testimony by creating a false impression that Pinedo’s grand jury testimony had been favorable to
the defense. The State relies on the rule that otherwise inadmissible evidence may be admitted if the
party against whom the evidence is offered opens the door. Schutz v. State, 957 S.W.2d 52, 71
(Tex.Crim.App. 1997). The party offering the evidence may not stray beyond the scope of the
invitation. Schutz, 957 S.W.2d at 71.
            The State asserts that the jury would have reasonably believed that Pinedo would give
testimony favorable to the defense given that Appellant called her as a witness, and when defense
counsel asked Pinedo whether she remembered testifying before the grand jury, this further
suggested to the jury that Pinedo’s grand jury testimony was favorable to the defense. Prior to
calling Pinedo to the stand, Appellant had introduced the testimony of several dancers that the club
rules prohibited sexual contact with customers and they routinely refused requests from customers
who expected sex as part of the dances in the private rooms. Under the circumstances, the jury could
have reasonably inferred that Pinedo would have testified consistently with the other defense
witnesses had her memory been intact and her grand jury testimony likewise would have been
favorable to Appellant. We conclude that Appellant opened the door for the State to correct this
false impression through introduction of Pinedo’s grand jury testimony. See Renteria v. State, 206
S.W.3d 689, 697-98 (Tex.Crim.App. 2006)(the State opened the door to admission of defendant’s
out-of-court declaration of remorse through questioning of its expert to establish that a person like
defendant would be a future danger to society in part because the hypothetical person was
unremorseful; defendant’s in-custody expression of remorse was admissible to correct a false
impression created by expert that defendant had not expressed any out-of-court declaration of
remorse). We overrule Issue Seven and affirm the judgment of the trial court.


December 22, 2011                                         
                                                                        ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Antcliff, J., and Bramblett, Judge
Bramblett, Judge, sitting by assignment

(Do Not Publish)