**Opinion filed February 21, 2013**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00357-CR

_____

## LUIS ALBERTO SIGALA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from County Court at Law No. 2**

**Midland County, Texas**

**Trial Court Cause No. 133,572**

### M E M O R A N D U M   O P I N I O N

The jury convicted Luis Alberto Sigala of the offense of driving while intoxicated and assessed punishment at 180 days in the Midland County Jail and a fine of $1,500. The trial court suspended the imposition of the sentence and placed Sigala on community supervision for a term of twenty-four months. In a single issue on appeal, Sigala asserts that his Sixth Amendment right to confront and cross-examine witnesses was violated when the trial court admitted an officer's testimony concerning what another person allegedly told the officer. Because we hold that any error in admitting the testimony was harmless, we affirm.

Shortly before midnight on February 19, 2011, Officer Chris Coufal was dispatched to a motorcycle accident. When he arrived on the scene, he found people crowded around Sigala, who was sitting on a motorcycle. As he approached, Officer Coufal could see a cut on Sigala's head, gouge marks on the pavement where the motorcycle had careened off the road, and "obvious damage" to the motorcycle, which led him to believe that it had crashed. After he made contact with Sigala, Officer Coufal observed that Sigala smelled like alcohol and slurred his speech. Sigala's eyes were glassy, and in addition to bleeding from his forehead, he had dirt on him and his pants were torn. Based on these and other observations, as well as his training and experience, Officer Coufal formed the opinion that Sigala was intoxicated and placed him under arrest.

At trial, the State asked Officer Coufal about other people that were present at the scene and what he learned from speaking with them. Over Sigala's objection that the officer's testimony would violate his Sixth Amendment right to confront and cross-examine witnesses, which the trial court overruled, Officer Coufal testified as to what Mary Juarez, a woman whom he believed to be Sigala's wife or common-law wife, told him at the scene. Following the court's ruling on the objection, Officer Coufal testified to the following:

> [Juarez] told me that they had been at Your Place Bar . . . [a]nd that when they had left, Mr. Sigala was driving his motorcycle, and she was following him in her vehicle. . . . [H]e began to swerve and it looked like one of the foot pegs had hit the pavement . . . [a]nd then the vehicle lost control. He went off the road and into the ditch.

It is the admission of this testimony of which Sigala now complains on appeal.

Generally, we review a trial court's decision to admit evidence under an abuse of discretion standard. *Wall v. State*, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006); *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). However, in reviewing a Confrontation Clause objection, we review the constitutional ruling de novo. *Wall*, 184 S.W.3d at 742–43.

The Sixth Amendment to the Constitution provides the right of an accused in a criminal prosecution to confront and cross-examine the witnesses against him. U.S. CONST. amends. VI, XIV; *Michigan v. Bryant*, 131 S.Ct. 1143, 1152 (2011); *Woodall v. State*, 336 S.W.3d 634, 641 (Tex. Crim. App. 2011). The use of out-of-court testimonial statements as evidence against the accused is the "principal evil at which the Confrontation Clause was directed." *Crawford v. Washington*, 541 U.S. 36, 50 (2004). Thus, the threshold question in determining whether an

admitted statement violates the Confrontation Clause is whether the statement is testimonial or nontestimonial. *Crawford*, 541 U.S. at 68. *See generally* Dibrell "Dib" Waldrip & Sara M. Berkeley, *"What Happened?": Confronting Confrontation in the Wake of* Bullcoming*,* Bryant*, and* Crawford, 43 ST. MARY'S L.J. 1 (2011).

However, even if we assume that the trial court erred when it admitted the officer's testimony, we conclude that the error was harmless. Error in admitting evidence in violation of the Confrontation Clause is constitutional error and, therefore, subject to a constitutional harm analysis. *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010); *see* TEX. R. APP. P. 44.2(a). Under this analysis, reversal is required unless the reviewing court can determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Rule 44.2(a); *Chapman v. California*, 386 U.S. 18, 24 (1967); *Langham*, 305 S.W.3d at 582. The Court of Criminal Appeals has declared the following factors to be relevant in determining whether error in admitting out-of-court statements in violation of the Confrontation Clause is harmless: (1) the importance of the out-of-court statement to the State's case, (2) whether the out-of-court statement was cumulative of other evidence, (3) the presence or absence of evidence corroborating or contradicting the out-of-court statement on material points, and (4) the overall strength of the prosecution's case. *Langham*, 305 S.W.3d at 582; *Davis v. State*, 203 S.W.3d 845, 852 (Tex. Crim. App. 2006).

Sigala argues that the admission of Juarez's out-of-court statements was important to Sigala's case because it served to satisfy the "driving" element of the offense. In his opening statement, Sigala also focused on the State's inability to prove that Sigala was operating a motor vehicle. However, Juarez's statements, as testified to by Officer Coufal, were cumulative of other evidence admitted at trial. Later, in the State's case-in-chief, the trial court admitted a copy of the video taken from Officer Coufal's car.[1] When the video was played before the jury, Officer Coufal identified the voice of a woman speaking off camera as that of Juarez. Juarez can be heard on the video explaining to officers how Sigala was driving and stating that, because of some loose gravel, the motorcycle started to shake and then fell. In addition to the independent evidence of the video, other evidence was presented at trial that corroborates the out-of-court statement that Sigala was driving. As recounted above, Officer Coufal testified that, when he arrived on the scene, he observed Sigala sitting on a motorcycle; Sigala was visibly injured and

---

[1]Sigala does not challenge admission of the video on appeal.

in torn and dirt-covered clothes. Additionally, there were gouge marks on the road leading up to the motorcycle. No contradicting evidence was presented at trial. Viewing all the evidence, we conclude that the State presented a strong case that Sigala was driving the motorcycle.

Considering all the evidence and the four factors set forth above, we conclude beyond a reasonable doubt that any error in admitting the officer's testimony did not contribute to Sigala's conviction or punishment and, therefore, was harmless. Sigala's issue is overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT
CHIEF JUSTICE

February 21, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4