**DENIED and Opinion Filed November 16, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01204-CV

## IN RE DERRICK SHAWN CULBERSON, Relator

**Original Proceeding from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F98-30801-T**

## MEMORANDUM OPINION
Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Myers

Relator Derrick Shawn Culberson, a pro se inmate, seeks a writ of mandamus to compel the trial court to vacate its order granting Culberson's own motion for judgment nunc pro tunc in his criminal case. We deny relief for multiple reasons.

First, the person filing a mandamus petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding) (quoting TEX. R. APP. P. 52.3(j)). Culberson has included no such certification in his mandamus petition.

Second, although Culberson filed a petition for writ of mandamus, his petition collaterally attacks his felony conviction and seeks what should be characterized as article 11.07 habeas relief. *See In re Phillips*, Nos. 05-21-01068-CV through 05-21-01070-CV, 2022 WL 278240, at *1 (Tex. App.—Dallas Jan. 31, 2022, orig. proceeding) (mem. op., not designated for publication). "The only proper means of collaterally attacking a final felony conviction is via petition for writ of habeas corpus under article 11.07 of the code of criminal procedure." *In re Morrison*, No. 05-15-00519-CV, 2015 WL 1910329, at *1 (Tex. App.—Dallas 2015, orig. proceeding) (mem. op., not designated for publication). Only the Texas Court of Criminal Appeals may grant article 11.07 relief, and Culberson thus seeks habeas relief that we have no jurisdiction to grant. *See id.* (concluding we lacked jurisdiction over complaints that should be raised in post-conviction 11.07 writ application).

Third, Culberson asked the trial court to enter the very same nunc pro tunc judgment that he now complains the trial court was wrong to render, which brings the invited-error rule into play. *See Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011). "The law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental." *Id.* Under this rule, Culberson is estopped from seeking relief based on an action that he induced. *See id.*

Fourth, Culberson had an adequate remedy at law by appealing the nunc pro tunc judgment, which conflicts with the first mandamus element for criminal cases. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). To be entitled to mandamus relief, the relator must show two things: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *Id.* The Texas Court of Criminal Appeals has "consistently recognized" nunc pro tunc judgments as appealable orders, thus making "a judicially-recognized legal remedy available" by appeal. *Blanton v. State*, 369 S.W.3d 894, 903 (Tex. Crim. App. 2012); *see In re Altschul*, Nos. 14-21-00018-CR through 14-21-00020-CR, 2021 WL 509846, at *1 (Tex. App.—Houston [14th Dist.] Feb. 11, 2021, orig. proceeding) (per curiam) (mem. op., not designated for publication) (denying mandamus relief because a relator in a criminal case "had an adequate remedy by appeal from the trial court's judgments nunc pro tunc").

For all these reasons, we deny relator's petition for writ of mandamus.

/Lana Myers/
LANA MYERS
JUSTICE

221204f.u05
Do not publish.
TEX. R. APP. P. 47.2(b)

–3–