COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| PHYLLIS WOODALL, | | No. 08-07-00015-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 171st District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20040D01264) |
| | § | |

## O P I N I O N

Phyllis Woodall appeals from a conviction of engaging in organized criminal activity. A jury found Appellant guilty and assessed her punishment at imprisonment for a term of sixteen years and a fine of $10,000. On September 9, 2009, the court issued an opinion which affirmed Appellant's conviction but reversed the sentence and remanded for a new punishment hearing because we concluded that the trial court had abused its discretion by admitting a witness's grand jury testimony in violation of Appellant's constitutional right to confront her accusers. *Woodall v. State*, No. 08-07-00015-CR, 2009 WL 2872837 (Tex.App.--El Paso Sept. 9, 2009). Finding that Appellant invited the error, the Court of Criminal Appeals reversed and remanded for consideration of Appellant's remaining point of error. *Woodall v. State*, 336 S.W.3d 634 (Tex.Crim.App. 2011).[1] We affirm.

### ADMISSION OF GRAND JURY TESTIMONY

In Point of Error Seven, Appellant contends that the trial court abused its discretion by allowing the State to read into evidence the grand jury testimony of Lucia Pinedo, a former dancer

---

[1] The September 9, 2009 opinion identified the contention raised in Point of Error Seven but did not address the merits of the issue or otherwise dispose of the point of error. *Woodall*, 2009 WL 2872837, at *3-5.

at the Naked Harem.  Appellant was a co-owner and operator of the Naked Harem, an adult-entertainment establishment in El Paso.[2]  Patrons paid a cover charge to watch completely nude female dancers.  A patron could purchase a private dance in a private room for additional money and the dancer would split the money earned with the Naked Harem.  Count II of the indictment alleged that Appellant and others, with intent to establish, maintain, or participate in a combination or in the profits of a combination, committed aggravated promotion of prostitution.  *See* TEX.PENAL CODE ANN. § 71.02 (a)(3)(West 2011).  During the guilt phase of trial, the State introduced testimony from former managers, dancers, and patrons of the clubs to establish that it was common for the dancers to engage in sexual acts with the patrons.  According to one former manager, Jacob Crum, Appellant knew that the dancers were engaging in prostitution and he overheard her tell one dancer that she could make a lot of money by engaging in oral sex.  When another former manager, Joel Rodriguez, fired two dancers for engaging in prostitution in the private rooms, Appellant re-hired them and told Rodriguez it was none of his business and he should not interfere with the dancers.  The State rested its case-in-chief without calling Pinedo to testify.  In her defense, Appellant presented the testimony of several dancers who explained that the club policy prohibited sexual contact with patrons and they denied engaging in prostitution at the club.  Appellant also testified and denied participating in a combination, denied engaging in any activities that would have constituted prostitution, and denied that any money she received from operating the club was directly derived from prostitution activity.  Appellant then called Pinedo to testify even though defense counsel had been informed that Pinedo had suffered memory loss and did not remember dancing at the club.  Pinedo testified she had been

---

[2] Because the parties are familiar with the facts of the case as related in the prior opinions of this court and the Court of Criminal Appeals, we will not repeat the entire factual discussion.  *See generally Woodall*, 336 S.W.3d at 636-38; *Woodall*, 2009 WL 2872837 at *1-3.  It is helpful, however, to restate those facts relevant to our discussion of Point of Error Seven as set forth in the prior opinions.  *See Woodall*, 336 S.W.3d at 636-38 and *Woodall*, 2009 WL 2872837, at *1-3.

in a car accident and did not remember dancing at the Naked Harem or testifying before the grand jury. During the State's cross-examination, Pinedo admitted that she was fifteen years of age at the time she worked at the Naked Harem. During rebuttal, the State attempted to recall Pinedo but she was not present. Consequently, the State offered Pinedo's grand jury testimony as a recorded recollection under TEX.R.EVID. 803(5). Appellant objected to the grand jury testimony on the ground that the State had failed to establish the predicate. The trial court overruled that objection and allowed the State to read into evidence the 57-page transcript of Pinedo's grand jury testimony. Pinedo testified before the grand jury that she was fifteen years of age when she worked at the Naked Harem and she admitted that she had sex and sexual contact with patrons on several occasion in the private rooms.

*Rule 803(5) and Invited Error Doctrine*

Texas Rule of Evidence 803(5) provides that the following is not excluded by the hearsay rule even though the declarant is available as a witness:

> (5) **Recorded Recollection.** A memorandum or record concerning a matter about which a witness once had personal knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly, unless the circumstances of preparation cast doubt on the document's trustworthiness. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Four elements must be satisfied before a recorded recollection is admissible under Rule 803(5): (1) the witness must have had firsthand knowledge of the event; (2) the written statement must be an original memorandum made at or near the time of the event while the witness had a clear and accurate memory of it; (3) the witness must lack a present recollection of the evidence; and (4) the witness must vouch for the accuracy of the written memorandum. *Johnson v. State*, 967 S.W.2d 410,

416 (Tex.Crim.App. 1998).

When faced with a proper objection, the proponent of hearsay evidence bears the burden of establishing that an exception applies that would make the evidence admissible despite its hearsay character. *See Taylor v. State*, 268 S.W.3d 571, 578-79 (Tex.Crim.App. 2008); *Vinson v. State*, 252 S.W.3d 336, 339 n.15 (Tex.Crim.App. 2008). The State concedes on appeal that it did not establish the fourth element of the predicate at trial because "Pinedo did not, in any way, acknowledge or vouch for the accuracy of her prior grand-jury testimony" but it argues that Appellant invited the error by refusing the trial court's offer to have Pinedo attached. The law of invited error provides that a party cannot take advantage of an error that it invited or caused even if the error is fundamental. *Woodall*, 336 S.W.3d 644; *Prystash v. State*, 3 S.W.3d 522, 531 (Tex.Crim.App. 1999). In other words, a party is precluded from seeking appellate relief based on an error it induced. *Id.* The invited error doctrine does not apply to this issue because the State, as the proponent of the hearsay evidence, had the burden of establishing all four elements of the predicate and Appellant's refusal of the trial court's offer to attach the witness did not relieve the State of its burden nor did it induce the error. As the State candidly notes in its brief, the prosecutor could have insisted on the attachment even though Woodall refused it. *See* TEX.CODE CRIM.PROC.ANN. art. 24.12 (West 2009)(when a witness who has been duly served with a subpoena to appear and testify in any criminal action or proceeding fails to appear, the State or the defendant is entitled to have an attachment issued for the witness); *Sturgeon v. State*, 106 S.W.3d 81, 90 (Tex.Crim.App. 2003)(attachment of a witness who has been subpoenaed is a matter of right under Article 24.12).

### Correction of False Impression

The State next argues that Appellant opened the door to admission of Pinedo's grand jury testimony by creating a false impression that Pinedo's grand jury testimony had been favorable to

the defense. The State relies on the rule that otherwise inadmissible evidence may be admitted if the party against whom the evidence is offered opens the door. *Schutz v. State*, 957 S.W.2d 52, 71 (Tex.Crim.App. 1997). The party offering the evidence may not stray beyond the scope of the invitation. *Schutz*, 957 S.W.2d at 71.

The State asserts that the jury would have reasonably believed that Pinedo would give testimony favorable to the defense given that Appellant called her as a witness, and when defense counsel asked Pinedo whether she remembered testifying before the grand jury, this further suggested to the jury that Pinedo's grand jury testimony was favorable to the defense. Prior to calling Pinedo to the stand, Appellant had introduced the testimony of several dancers that the club rules prohibited sexual contact with customers and they routinely refused requests from customers who expected sex as part of the dances in the private rooms. Under the circumstances, the jury could have reasonably inferred that Pinedo would have testified consistently with the other defense witnesses had her memory been intact and her grand jury testimony likewise would have been favorable to Appellant. We conclude that Appellant opened the door for the State to correct this false impression through introduction of Pinedo's grand jury testimony. *See Renteria v. State*, 206 S.W.3d 689, 697-98 (Tex.Crim.App. 2006)(the State opened the door to admission of defendant's out-of-court declaration of remorse through questioning of its expert to establish that a person like defendant would be a future danger to society in part because the hypothetical person was unremorseful; defendant's in-custody expression of remorse was admissible to correct a false impression created by expert that defendant had not expressed any out-of-court declaration of remorse). We overrule Issue Seven and affirm the judgment of the trial court.

December 22, 2011

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Antcliff, J., and Bramblett, Judge
Bramblett, Judge, sitting by assignment

(Do Not Publish)