Damion Demond RUSSEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–10–00820–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 5, 2012.

Discretionary Review Refused April 25, 2012.

Kyle B. Johnson, The Kiam Building, Lana Shadwick, Assistant District Attorney, Houston, TX, for Appellant.

Patricia R. Lykos, Harris County District Attorney, Houston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and MASSENGALE.

## OPINION

EVELYN V. KEYES, Justice.

A jury convicted appellant, Damion Demond Russel, of the third degree felony offense of unauthorized possession of a firearm by a felon.[1] After appellant pleaded true to the allegations in two enhancement paragraphs, the trial court assessed punishment at twenty-five years' confinement. In one issue, appellant contends that the State failed to present sufficient evidence of his prior felony conviction because the trial court instructed the jury, orally and in the written charge, that it should consider the evidence of his prior felony conviction for jurisdictional purposes only and not for the purpose of guilt.

We affirm.

1. *See* TEX. PENAL CODE ANN. § 46.04(a)(1) (Vernon 2011).

2. Two teenage boys had found a gun in a dresser drawer, and one of the boys was seriously injured after the gun discharged. The

## Background

On December 30, 2008, Houston Police Department ("HPD") Officer D. Gatson was dispatched to an address in east Houston on a service call involving a weapon.[2] Officer Gatson arrived at the location and encountered appellant, who informed Gatson that he lived there. According to Officer Gatson, appellant told him that the gun involved in the incident was located inside of an old clothes dryer sitting against the outside of the house and that he had placed the gun in the dryer earlier in the evening. When Officer Gatson checked the dryer, he found the gun. Appellant informed Officer Gatson that the gun had been involved in "an incident," and he admitted that he was the owner of the gun. Officer Gatson testified that appellant showed him various locations around the house, including the set of drawers in appellant's bedroom where the gun had originally been kept. When the State asked whether appellant had ever told him that the gun belonged to someone else, Officer Gatson responded, "Only person he said the gun belonged to was him."

HPD Officer J. Oliphant testified that he also walked through the house with appellant, and when he asked appellant where the gun had been located, appellant replied that it had been located in the top drawer of a plastic dresser in a bedroom. Appellant told Officer Oliphant that he purchased the gun after Hurricane Ike because he was afraid of being robbed, and he said that he placed the gun in a clothes dryer outside of the house earlier in the evening. Officer Oliphant testified that appellant also told him that, after the inci-

parties agreed to keep the facts surrounding the shooting incident from the jury, and, instead, they stipulated that the firearm involved was in working condition.

dent, he removed a fired cartridge from the gun and threw it into the street.

Approximately two weeks after the incident, HPD Officer J. Nguyen spoke with appellant about the gun involved. Appellant told Officer Nguyen that he had purchased the gun "for protection." Appellant also told Officer Nguyen that, on the night of the incident, he discovered that the gun was in his bedroom, became angry, and "threw [the gun] in the back of the nonfunctional dryer, in the back of the house." After Officer Nguyen spoke with appellant, he checked appellant's criminal history and discovered a December 2008 felony conviction for possession of a controlled substance. Defense counsel did not object to Officer Nguyen's testimony regarding appellant's prior felony conviction, and he did not request that the trial court give an instruction limiting the jury's consideration of this testimony in any way.

Harris County Sheriff's Department Deputy D. Rossi, a fingerprint identification expert, compared appellant's fingerprints to the fingerprints on a booking card and a judgment and sentence, both for a December 2008 felony conviction for possession of a controlled substance, and concluded that the fingerprints matched. The trial court admitted into evidence, without objection, the booking card and the judgment and sentence for this prior conviction. Defense counsel did not object to Deputy Rossi's testimony regarding appellant's prior felony conviction, nor did he request a limiting instruction at the time of Rossi's testimony.

After the State rested, defense counsel requested the following jury instruction:

> I would ask the Court to give an instruction now to the jury that the evidence of the prior conviction is for jurisdictional purposes only and may not be considered by them for any other purpose.

In response, the trial court instructed the jury as follows:

> Jury, that is the instruction the Court would give. The stipulation of the prior jurisdiction, prior criminal conviction is for the purpose of giving the Court jurisdiction to hear the matter and is not to be considered for any other purpose than that.

After the trial court gave this instruction, defense counsel, when questioning appellant's mother during his case-in-chief, referenced appellant's prior felony conviction.

During the charge conference, the parties discussed the inclusion of a similar instruction in the charge, and defense counsel advised the trial court on the appropriate wording of such an instruction. The trial court included the following instruction in the written charge:

> You are instructed that certain evidence was admitted before you in regard to the defendant's having been convicted of an offense other than the one for which he is now on trial. Such evidence cannot be considered by you against the defendant as any evidence of guilt in this case. Said evidence was admitted before you for the purpose of establishing jurisdiction and for no other purpose, and you will not consider the same for any other purpose.

The jury convicted appellant of the offense of unauthorized possession of a firearm by a felon. After appellant pleaded true to the allegations in two enhancement paragraphs, the trial court assessed punishment at twenty-five years' confinement. This appeal followed.

## Sufficiency of the Evidence

In his sole issue, appellant contends that the State failed to present sufficient evidence that he had a prior felony conviction, an essential element of the charged offense, because the trial court instructed

the jury, both orally and in the written charge, that it was to consider the previously-admitted evidence regarding appellant's prior conviction solely for the purpose of establishing jurisdiction and not as evidence of guilt.

### A. Standard of Review

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App.2010). The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks*, 323 S.W.3d at 899; *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex.Crim.App.2008). A jury may accept one version of the facts and reject another, and it may reject any part of a witness's testimony. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App.2000), *overruled on other grounds, Laster v. State*, 275 S.W.3d 512 (Tex.Crim.App. 2009); *see also Henderson v. State*, 29 S.W.3d 616, 623 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (holding jury can choose to disbelieve witness even when witness's testimony is uncontradicted). We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App.2007). We afford almost complete deference to the jury's determinations of credibility. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex.Crim.App. 2008). We resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim. App.2000); *see also Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App.2007)

("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination.").

We conduct a constitutional evidentiary-sufficiency review "by measuring the evidentiary sufficiency with 'explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Adames v. State*, 353 S.W.3d 854, at 860 (Tex.Crim.App. 2011) (quoting *Jackson*, 443 U.S. at 324, 99 S.Ct. 2781 n. 16, 99 S.Ct. at 2792 n. 16). We measure the sufficiency of the evidence "by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997); *see Byrd v. State*, 336 S.W.3d 242, 246 (Tex.Crim.App.2011) (holding same). Such a charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Byrd*, 336 S.W.3d at 246 (quoting *Malik*, 953 S.W.2d at 240). Therefore, we apply the *Jackson v. Virginia* standard of sufficiency review to the hypothetically correct jury charge. *Id.*; *see also Adames*, 353 S.W.3d 854, at 861 ("*Malik* and its progeny ... made clear that an appellate court does apply the *Jackson* standard of review to the hypothetically correct jury charge."). This standard "ensures that a judgment of acquittal is reserved for those situations in which there is *an actual failure in the State's proof* of the crime rather than a mere error in the jury charge submitted." *Malik*, 953 S.W.2d at 240 (emphasis added).

## B. Unauthorized Possession of a Firearm by a Felon

■ A person commits the offense of unauthorized possession of a firearm by a felon if the person has previously been convicted of a felony offense and possesses a firearm after the conviction and before the fifth anniversary of the person's release from confinement, community supervision, parole, or mandatory supervision following the prior felony conviction. *See* TEX. PENAL CODE ANN. § 46.04(a)(1) (Vernon 2011); *James v. State*, 264 S.W.3d 215, 218 (Tex.App.Houston [1st Dist.] 2008, pet. ref'd). On appeal, appellant does not challenge the evidence supporting the "possession" element of this offense; rather, he argues that, as a result of the trial court's instructions, the State presented no evidence to support the "prior felony conviction" element of the offense.

■ The defendant's prior felony conviction is an essential, substantive element of the offense of unauthorized possession of a firearm by a felon that the State must prove to obtain a conviction. *See James*, 264 S.W.3d at 218; *Hawkins v. State*, 89 S.W.3d 674, 677 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) (listing prior felony conviction as essential for State to establish unlawful possession of firearm by felon). Appellant cites no case law, and we have found none, approving of instructions similar to those that the trial court gave here: that the jury should consider the admitted evidence concerning appellant's prior felony conviction for jurisdictional purposes only and not as evidence of guilt.[3] Thus, the hypothetically correct jury charge for the offense of unauthorized possession of a firearm by a felon requires the jury to find that the defendant had been previously convicted of a felony, and this charge does not include an instruction limiting the jury's consideration of the prior felony conviction evidence to jurisdictional purposes instead of evidence of the defendant's guilt. *See Malik*, 953 S.W.2d at 240 (noting that hypothetically correct jury charge is one that "accurately sets out the law").

Here, the indictment alleged that appellant,

> [O]n or about DECEMBER 30, 2008, did then and there unlawfully, intentionally and knowingly possess a firearm after [having] been convicted of the felony offense of POSSESSION OF A CONTROLLED SUBSTANCE, in the District Court for the 209TH Judicial District, HARRIS County, Texas, in Cause Number 1193213 on DECEMBER 1, 2008, and said possession of the firearm occurred before the fifth anniversary of the Defendant's release from CONFINEMENT RESULTING FROM SAID CONVICTION on DECEMBER 21, 2008.

During the State's case-in-chief, Officer Nguyen testified that he ran a criminal background check after he spoke with appellant following the shooting incident and discovered that he had a prior felony conviction for possession of a controlled substance from December 2008. Deputy Rossi compared appellant's fingerprints to the

---

3. Moreover, limiting instructions should be given in the guilt-stage charge only if the defendant requested the limiting instruction at the time the evidence was first admitted. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex.Crim.App.2007) (holding that limiting instruction involving use of extraneous offense evidence should not be included in charge unless defendant requested such instruction at time evidence was admitted). It is undis-puted that appellant did not request the limiting instruction regarding the evidence concerning his prior felony conviction until after the State had rested. At the time defense counsel made this request, Officer Nguyen and Deputy Rossi had already testified, without objection or request for a limiting instruction, regarding appellant's prior felony conviction.

fingerprints on a booking card and a judgment and sentence for a December 2008 felony conviction of possession of a controlled substance and concluded that the fingerprints matched. Defense counsel did not object to this testimony or immediately request a limiting instruction regarding this testimony, and the trial court admitted the booking card and the judgment and sentence without objection. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex.Crim.App.2007) ("Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes."); *Hammock v. State*, 46 S.W.3d 889, 894 (Tex.Crim.App. 2001) ("Allowing the jury to consider evidence for all purposes and then telling them to consider that same evidence for a limited purpose only is asking a jury to do the impossible. If a limiting instruction is to be given, it must be when the evidence is admitted to be effective.").

When we measure the evidence presented against the hypothetically correct jury charge and when we view the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that appellant unlawfully possessed a firearm within five years of his release from confinement for a previous felony conviction. *See Malik*, 953 S.W.2d at 240 (noting that applying *Jackson* sufficiency standard to hypothetically correct jury charge "ensures that a judgment of acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime rather than a mere error in the jury charge submitted"). We therefore hold that the State presented sufficient evidence that appellant had a prior felony conviction.

We further note that the doctrine of invited error provides that a party cannot take advantage of an error that he invited or caused, even if such error is fundamental. *Woodall v. State*, 336 S.W.3d 634, 644 (Tex.Crim.App.2011) (citing *Prystash v. State*, 3 S.W.3d 522, 531 (Tex.Crim.App.1999)); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex.App.-Houston [1st Dist.] 2006, no pet.) ("It is a well-settled principle of law that a criminal defendant cannot invite error and then complain of it on appeal."). "A party is estopped from seeking appellate relief based on error that it induced." *Woodall*, 336 S.W.3d at 644; *see also Prystash*, 3 S.W.3d at 531 ("[T]he law of invited error estops a party from making an appellate error of an action it induced."). Holding otherwise permits the party to "take advantage of his own wrong." *Woodall*, 336 S.W.3d at 644; *see also Prystash*, 3 S.W.3d at 531 ("Where a party by a request for a ruling leads the court into error, he should be precluded from claiming a reversal of the judgment by reason of the error so committed. To hold otherwise would be to permit him to take advantage of his own wrong.").

Here, appellant requested the oral instruction to the jury and advised the trial court on the proper wording of a similar instruction for the written charge. Although appellant does not complain on appeal that these instructions were erroneous, he does complain that these instructions "negated" the State's proof of his prior felony conviction and rendered the evidence supporting that element of the offense insufficient. Because appellant himself requested the instructions that, he contends, caused the alleged insufficiency of the evidence, he cannot take advantage of the trial court's error in giving these instructions. *See Woodall*, 336 S.W.3d at 644; *Prystash*, 3 S.W.3d at 531.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.