

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00086-CR

JEFFERY T. WHITFIELD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court No. 1
Denton County, Texas
Trial Court No. CR-2013-04378-A; Honorable Jim Crouch, Presiding

April 9, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Jeffery T. Whitfield, was convicted of the offense of driving while intoxicated[1] and sentenced to 300 days in jail and a fine of $500.00, with the jail time suspended and appellant placed on community supervision for two years. Appellant has perfected his appeal and now presents a single issue for our consideration. Appellant contends that the trial court violated his right of confrontation[2] by admitting the

---

[1] *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014).

[2] *See* U.S. CONST. amend. VI.

911 recording and a "Statement of Fact" at a motion to suppress hearing. We will affirm.

Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence to support the jury's verdict; therefore, we will only recite that portion of the factual background applicable to the issue before the Court.

Around midnight on April 27, 2013, Phillip Smithwick was driving toward his business when he encountered appellant driving a red Ford Focus. Appellant's car cut in front of Smithwick's car as Smithwick was headed toward his business on FM 407 in Flower Mound. Smithwick had to brake hard to avoid colliding with appellant's vehicle. As Smithwick followed appellant, he observed that appellant's vehicle seemed to have a difficult time maintaining its lane of traffic. Smithwick called 911 as he followed appellant's vehicle. He chronicled the driving difficulties that appellant seemed to be having. Eventually, Smithwick followed appellant to the RaceTrac gas station in Flower Mound. Shortly after the police arrived, Smithwick informed the 911 dispatcher that he needed to go to his place of business and lock it up for the night but he would return. Smithwick returned before appellant's arrest was completed and, after making contact with Officer Jose Green, executed a "Statement of Fact" that set forth his observations of appellant's driving on the evening in question.

Shortly after midnight on April 28, 2013, Officer Jose Green was dispatched to the RaceTrac gas station in Flower Mound, Texas, in reference to a 911 call regarding a possible intoxicated driver. Upon arriving at the RaceTrac gas station, Green observed

2

the previously described red Ford Focus as it was apparently beginning to pull away. Green stopped the vehicle before it left the gas station and made contact with appellant. According to Green's testimony, he did not see appellant drive and the sole basis for his initial stop was the 911 report. After conducting standardized field sobriety tests on appellant, Green arrested appellant for driving while intoxicated.

Appellant timely filed a motion to suppress the evidence that had been collected as a result of Green's initial detention of appellant. The trial court conducted a hearing on appellant's motion to suppress on June 17, 2013. At that hearing, Smithwick did not testify; rather, the trial court heard the 911 tape and the State offered Smithwick's "Statement of Fact." Appellant objected to both the 911 tape and the "Statement of Fact" on the basis that each exhibit was a denial of his right to confront the witness. The trial court overruled the objection and admitted the evidence. Ultimately, the trial court overruled the motion to suppress and the matter proceeded to trial.

The jury convicted appellant of driving while intoxicated and the trial court sentenced appellant to 300 days in jail and a fine of $500.00, with the jail time being suspended and appellant placed on community supervision for two years. This appeal followed.

Appellant's sole issue is that the trial court denied him his right to confront the witness against him when it admitted the 911 tape and the "Statement of Fact." We will affirm.

Standard of Review and Applicable Law

When reviewing a claim that the introduction of evidence violates an appellant's right of confrontation, we apply a *de novo* standard of review. *See Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010).

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. Accordingly, out-of-court statements offered against an accused that are testimonial in nature are objectionable unless the prosecution can show that the declarant is presently unavailable to testify in court and the accused had a prior opportunity to cross-examine the declarant. *See Crawford v. Washington,* 541 U.S. 36, 68, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). Whether a statement is testimonial in nature continues to be an evolving concept.

In *Wall v. State*, the Texas Court of Criminal Appeals set forth three kinds of out-of-court statements that could be regarded as testimonial:

(1)     *ex parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially;

(2)     extrajudicial statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; and

(3)     statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

4

*Wall v. State,* 184 S.W.3d 730, 734-35 (Tex. Crim. App. 2006). With respect to the third category, the United States Supreme Court has held that such a statement is testimonial if, when viewed objectively, it is shown that the statement was not made to enable the police to meet an ongoing emergency but that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution. *Davis v. Washington,* 547 U.S. 813, 822, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006).

Analysis

In the case before the Court, both appellant and the State have expended a great deal of their respective briefing to convince the Court that the Confrontation Clause does or does not apply to a pre-trial suppression hearing. We recognize that this particular question is still subject to debate. However, we need not address the issue to dispose of this matter. We will assume, for purposes of this opinion only, that the protections of the Confrontation Clause apply to a pre-trial suppression hearing.

Before us we have two out-of-court statements for review. The parties admit and the record clearly shows that the declarant in both statements, Smithwick, did not testify at the suppression hearing. Instead, the trial court heard the recording of the 911 call and reviewed Smithwick's "Statement of Fact" in determining whether the police had reasonable suspicion to detain appellant. After reviewing the two out-of-court statements, the trial court denied the motion to suppress.

The State has invited the Court to conclude that, regardless of the nature of the two out-of-court statements, we should affirm the trial court's decision because

5

appellant litigated the issue again during the trial of the case. *See Black v. State,* 362 S.W.3d 626, 635-36 (Tex. Crim. App. 2012). While it is true that Smithwick testified during the trial on the merits, the factual pattern in *Black* is far different than that before the Court. We do not find *Black* controlling and, therefore, we will not accept the State's invitation to conclude that the matter was litigated a second time during the trial on the merits of the case.

We first turn our attention to the 911 call that was played for the trial court during the hearing on appellant's motion to suppress. A review of the 911 call reveals that it was initiated after appellant pulled his car out in front of Smithwick's car, which caused Smithwick to brake hard to avoid a collision. Upon contacting the 911 operator, Smithwick relayed that appellant was driving all over the road and apparently had trouble maintaining his vehicle in the proper lane of travel. Additionally, Smithwick reported to the operator that appellant seemed not to be able to properly operate the vehicle as appellant's windshield wipers and turn signals came on for no apparent reason. Smithwick was concerned enough for the safety of the public to follow appellant's vehicle into the RaceTrac gas station and stay there until the police arrived. Likewise, Smithwick stayed on the line to the 911 operator until the police arrived. While observing appellant at the RaceTrac gas station, Smithwick noted that appellant never exited his car or attempted to place fuel in it. Instead, appellant simply sat in the car and then started to leave the station. It was at this time that the police arrived and prevented appellant from leaving. In response to questions from the 911 operator, Smithwick detailed what he was observing and gave his name, address, and phone number and described the vehicle he was driving. Smithwick left the gas station to go

6

close his nearby business but returned immediately and spoke with the officers at the scene.

Our review of this record clearly demonstrates that the 911 call was initiated as a result of a perceived on-going emergency, the dangerous driving by appellant. Further, the record is clear that the emergency did not cease until the police arrived at the gas station and detained appellant. Accordingly, this 911 statement, when objectively considered, was not a testimonial statement. *See Davis,* 547 U.S. at 822; *see also Martinez v. State,* 236 S.W.3d 361, 371 (Tex. App.—Fort Worth 2007, pet. ref'd). Appellant's issue to the contrary is overruled.

In addition to the 911 call, the trial court admitted Smithwick's handwritten "Statement of Fact." The record reveals that the statement was prepared on a form provided by the police to Smithwick. The form provides places for Smithwick to give his name, driver's license number, home address, and home phone number. It then contains what is described as "boiler plate" language as follows:

> I do hereby make the following information known to Officer J. Green ID# 283 and prosecutors for whatever purpose it may serve. Further, I affirm that the facts contained within this statement are true and correct to the best of my knowledge.

Following the "boiler plate," Smithwick wrote out his observations of appellant driving and the actions that he took while observing these events. The information revealed in the "Statement of Fact" is the same information that Smithwick provided the 911 operator over the phone.

For purposes of this opinion, we will assume that the "Statement of Fact" is testimonial in nature. This, however, does not mean that the trial court's judgment should be reversed. We must apply the harm analysis provided for in Texas Rule of Appellate Procedure 44.2(a) in making that determination. *See* TEX. R. APP. P. 44.2(a). Under this analysis, we "must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." *Id.; Langham,* 305 S.W.3d at 582 n.42. In making this determination, we have been provided the following considerations:

(1) The importance of the hearsay statement to the State's case;

(2) Whether the hearsay evidence is cumulative of other evidence;

(3) The presence or absence of evidence corroborating or contradicting the hearsay testimony on material points; and

(4) The overall strength of the prosecution's case.

*Woodall v. State*, 336 S.W.3d 634, 639 n.6 (Tex. Crim. App. 2011) (quoting *Davis v. State*, 203 S.W.3d 845, 852 (Tex. Crim. App. 2006)).

When we apply the above factors to this case, the following becomes apparent. First, the statement in question is not of particular import to the State's case. This is so because it is cumulative of the 911 statement. Obviously, this answers the second inquiry also. Further, the 911 tape corroborates the statements in the "Statement of Fact." On the issue of reasonable suspicion to detain appellant, the purpose for which the statement at issue was admitted, the State's case was strong even without the "Statement of Fact." From an overall perspective, the Court has determined beyond a reasonable doubt that the admission of the "Statement of Fact" did not contribute to

8

appellant's conviction. TEX. R. APP. P. 44.2(a). Accordingly, the admission of the "Statement of Fact" was harmless.

## Conclusion

Having overruled appellant's issue about the 911 tape and finding that the admission of the "Statement of Fact" was harmless error, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Do not publish.