**Opinion filed March 18, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00120-CR

_____

## RICHARD ALBERT NICHOLLS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR25977**

## O P I N I O N

The jury convicted Appellant, Richard Albert Nicholls, of the third-degree felony offense of possession of a controlled substance: namely, methamphetamine. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2017). Appellant thereafter pleaded "true" to a prior felony conviction of assault family violence alleged in the indictment for enhancement purposes. The trial court found the enhancement allegation to be true, assessed Appellant's punishment at ten years' imprisonment in

the Institutional Division of the Texas Department of Criminal Justice, and sentenced Appellant accordingly. In a single issue, Appellant contends that the trial court erred when it admitted statements made by a witness who was unavailable to testify at trial. Specifically, Appellant argues that the admission of the witness's statements violated Appellant's rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. We affirm.

## I. *Factual Background*

On the day of the charged offense, Investigator Carlyle Gover of the Brown County Sheriff's Office was patrolling a "high crime" residential community near Brownwood when he observed a vehicle matching the description of one driven by James Crosson, an individual under investigation for reportedly dealing drugs in the area. Based on a photograph that he possessed, Investigator Gover confirmed that the driver of the vehicle was indeed Crosson. He also observed Appellant seated in the front passenger seat of the vehicle.

As Investigator Gover followed the vehicle driven by Crosson, Crosson failed to signal the intention to turn at an intersection; Investigator Gover then initiated a traffic stop. Crosson did not immediately stop, but instead drove away "really fast." Based on his observations, Investigator Gover testified that he believed that Crosson and Appellant were "going to run." Investigator Gover continued following the vehicle and later observed something bouncing on the road between his patrol unit and the other vehicle. He then requested backup because he believed that Crosson and Appellant were fleeing and because he saw that something had been thrown from the vehicle. After the vehicle driven by Crosson eventually stopped, Investigator Gover secured the scene and handcuffed Crosson and Appellant.

Sergeant Joe Thomas of the Brown County Sheriff's Office soon arrived at the scene as backup. With the scene secure, Investigator Gover retrieved the item he had seen bouncing on the roadway; it was a small plastic container. Although the

2

container was empty, Investigator Gover observed a burn mark on the inside of the container and detected the odor of marihuana. He testified that it would be odd for a person to discard an empty container. He then returned to where Crosson and Appellant were handcuffed to inquire about the circumstances of the discarded container. Investigator Gover asked Appellant about an item that had been tossed from the vehicle. Appellant responded that the vehicle's passenger window would not roll down. Investigator Gover placed Crosson and Appellant in the back seat of Sergeant Thomas's patrol unit. While seated in the back seat of Sergeant Thomas's patrol unit, Appellant and Crosson discussed their culpability for what had occurred, and Crosson offered to post Appellant's bond if Appellant would admit that the drugs that were thrown from the vehicle were his. Sergeant Thomas's in-car audio and video equipment recorded the conversation.

While the recorded conversation between Crosson and Appellant was occurring, Investigator Gover continued to search the area of the roadway where the discarded container had been located. He eventually discovered a plastic baggie that contained a second plastic baggie. Inside the second plastic baggie were "two good-size methamphetamine crystals which weighed about three-quarters of a gram apiece." After this discovery, Investigator Gover returned to Sergeant Thomas's police unit, opened the door, and showed Appellant the methamphetamine. Investigator Gover and Sergeant Thomas then attempted to roll down the windows on the vehicle that Crosson had been driving, to verify Appellant's explanation. They found that, using the control panel on the passenger-side door, the passenger-side window would roll down but would not roll up. However, using the control panel on the driver-side door, the passenger-side window would roll up. Investigator Gover testified that he believed this meant that the passenger-side window would operate and that "one or both had to operate that window to get it to go up and down, in order to throw methamphetamine out." Crosson and Appellant

3

were arrested and charged with the felony offense of possession of a controlled substance, namely methamphetamine, in an amount of at least one gram but less than four grams.

The parties do not dispute that Crosson was a material witness. Before trial, counsel for Appellant and the State had both attempted on several occasions to locate and subpoena Crosson to procure his attendance at Appellant's trial; their efforts were unsuccessful. However, a few days before Appellant's trial was scheduled to begin, the parties determined that Crosson had been admitted to a hospital in San Antonio for a surgical procedure, that a federal hold for him existed, and that U.S. Marshalls intended to arrest him after he was discharged from the hospital. Because of these circumstances, the parties agreed to proceed to trial without Crosson's appearance as a witness. Nevertheless, Appellant's trial counsel advised the trial court and counsel for the State that he had obtained a written affidavit from Crosson and that he intended to offer the affidavit at trial. The State filed a motion in limine to prevent Appellant and his trial counsel from mentioning or alluding to Crosson's affidavit, which the trial court granted.

During its case-in-chief, the State offered the recorded conversation between Appellant and Crosson that occurred in the back seat of Sergeant Thomas's patrol unit. Appellant's trial counsel objected to its admission on the basis that the recording violated Appellant's rights under the Confrontation Clause. The trial court overruled the objection and admitted the recording. Before the recording was published to the jury, the trial court instructed the jury that the statements made by Crosson in the recording were not testimonial in nature and were not to be considered for their truth but, rather, should only be considered to show the "context" of "the other statements and circumstances on the video."

After he reviewed the audio/video recording, Investigator Gover testified and described, without objection, the substance of the conversation that occurred

between Appellant and Crosson in the back seat of Sergeant Thomas's patrol unit. According to Investigator Gover, the recording demonstrated that Appellant and Crosson "had a shared interest in the criminality of [the methamphetamine]." Both Crosson and Appellant knew that the discarded methamphetamine had been found, and they had a common interest "in attempting not to go to jail." The recording also showed that Appellant and Crosson "had a conversation about someone taking it, someone bonding the other party out," and their intention to concoct an explanation that the methamphetamine found on the roadway did not belong to them because the windows of Crosson's vehicle would not roll down.

Later, Appellant's trial counsel offered Crosson's affidavit, which the trial court admitted. In the affidavit, Crosson claimed that the methamphetamine was his and that he had thrown the plastic container out the vehicle's window onto the roadway. He also claimed that Appellant had no knowledge that methamphetamine or paraphernalia were in the vehicle. In rebuttal, the State offered evidence to impeach and discredit the statements in Crosson's affidavit. The State's rebuttal evidence included Crosson's guilty plea, his admission to dealing drugs, and Investigator Gover's testimony about a recorded telephone call between Appellant, Crosson, and Appellant's mother that occurred when Appellant was confined in the county jail. Investigator Gover testified that, while confined in the county jail, Appellant called his mother and told her that he had done nothing wrong. Crosson also participated in the call and stated, "We were set up." Appellant's trial counsel asserted a Confrontation Clause objection to this testimony. The trial court overruled Appellant's objection and concluded that, because Crosson's affidavit had been offered and admitted, Appellant's trial counsel had opened the door to the admission of the State's rebuttal evidence. The jury convicted Appellant of the charged offense, and the trial court assessed a sentence of ten years' imprisonment. This appeal followed.

## II. *Analysis*

Generally, we review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019); *Wall v. State*, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006); *Render v. State*, 347 S.W.3d 905, 917 (Tex. App.—Eastland 2011, pet. ref'd). However, when we review a Confrontation Clause objection, we review the trial court's evidentiary ruling de novo. *Woodall v. State*, 336 S.W.3d 634, 642 (Tex. Crim. App. 2011); *Wall*, 184 S.W.3d at 742–43; *Render*, 347 S.W.3d at 917.

Appellant contends that the trial court erred when it admitted statements made by Crosson that, Appellant claims, were testimonial and in violation of Appellant's Sixth Amendment right to confrontation. The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Confrontation Clause bars the admission of out-of-court testimonial statements of a witness unless (1) the witness is unavailable to testify and (2) the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004); *Render*, 347 S.W.3d at 917. Furthermore, the procedural guarantees to confront and cross-examine adverse witnesses applies in both federal and state prosecutions. *Woodall*, 336 S.W.3d at 641; *Langham v. State*, 305 S.W.3d 568, 575 (Tex. Crim. App. 2010) (citing *Pointer v. Texas*, 380 U.S. 400, 406 (1965)).

The principal concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact. *Maryland v. Craig*, 497 U.S. 836, 845 (1990). Whether a statement is admissible under the Rules of Evidence and whether that same statement is admissible under the Confrontation Clause are separate questions. *Crawford*, 541 U.S. at 50–51; *Wall*, 184 S.W.3d at

734–35. Thus, even when a statement offered against a defendant is admissible under the evidentiary rules, the statement may nonetheless implicate the protections of the Confrontation Clause. *Gonzalez v. State*, 195 S.W.3d 114, 116 (Tex. Crim. App. 2006); *Walker v. State*, 406 S.W.3d 590, 596 (Tex. App.—Eastland 2013, pet. ref'd). To implicate the Confrontation Clause, an out-of-court statement must (1) have been made by a witness absent from trial and (2) be testimonial in nature. *Woodall*, 336 S.W.3d at 642.

"Post-*Crawford*, the threshold question in any Confrontation Clause analysis is whether the statements at issue are testimonial or nontestimonial in nature." *Render*, 347 S.W.3d at 917; *Wells v. State*, 241 S.W.3d 172, 175 (Tex. App.— Eastland 2007, pet. ref'd). An out-of-court statement may be testimonial when the surrounding circumstances objectively indicate that the primary reason the statement was made was to establish or prove past events that would be potentially relevant to a later criminal prosecution. *Davis v. Washington*, 547 U.S. 813, 822–23 (2006). Although the United States Supreme Court has not provided a comprehensive definition to be used when determining whether statements are testimonial, *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008); *Walter v. State*, 581 S.W.3d 957, 981 (Tex. App.—Eastland 2019, pet. ref'd); *Wells*, 241 S.W.3d at 175, it has identified three categories of statements that could be regarded as testimonial: (1) ex parte in-court testimony or its functional equivalent that the declarant would reasonably expect to be used prosecutorially; (2) statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; and (3) statements that were made under circumstances that would lead an objective witness to reasonably believe that the statements would be available for use at a later trial. *Langham*, 305 S.W.3d at 576 (citing *Wall*, 184 S.W.3d at 735–36); *Walter*, 581 S.W.3d at 981.

Appellant challenges the trial court's decision to admit Crosson's out-of-court statements. Although Crosson's unavailability is not disputed, Appellant asserts that his confrontation rights were violated when the trial court admitted, over his objection, the recorded conversation between Appellant and Crosson that occurred in the back seat of Sergeant Thomas's patrol unit. Appellant contends that because he and Crosson were in custody when their statements were made—they were handcuffed and had been Mirandized[1]—the substance of their discussions were testimonial. We disagree.

We note at the outset that Appellant's evidentiary challenge to the statements made by Crosson while in the patrol unit was limited to the trial court's decision to admit the recording. At trial, no objection was asserted by Appellant's trial counsel to Investigator Gover's testimony about, and description of, the substance of this recording. A party must object each time the allegedly inadmissible evidence is offered. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). Furthermore, an error, if any, in the admission of improper evidence is cured when the same evidence is offered and admitted elsewhere during the trial without objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Johnson v. State*, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990); *Hudson v. State*, 675 S.W.2d 507, 510–11 (Tex. Crim. App. 1984). Therefore, even if the recording was improperly admitted, and we do not hold that it was, Investigator Gover's unobjected-to testimony concerning the recording's contents cured any alleged error that was created when the trial court admitted the recording. Nevertheless, the trial court's ruling to admit the recording is not erroneous under any theory advanced by Appellant because the statements made by Crosson in the back seat of Sergeant Thomas's patrol unit are not testimonial.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

"Testimonial" statements are typically formal, solemn declarations made for the purpose of establishing a fact. *See Russeau v. State*, 171 S.W.3d 871, 880 (Tex. Crim. App. 2005). Here, the statements made by Crosson in the setting that Appellant now challenges do not fall within the categories of testimonial evidence described in *Crawford*. None of Crosson's statements were made in the context of a law enforcement interrogation. No challenged statement was elicited by or made to any law enforcement officer or court official. In fact, no statement was made under circumstances that would lead an objectively reasonable person to believe that the statement, or statements, would be available for use at a later trial. Appellant and Crosson voluntarily engaged in this conversation, and they made all of their statements outside the presence of Investigator Gover, Sergeant Thomas, or any other law enforcement officer. *See Crawford*, 541 U.S. at 51 ("An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not."); *see also Davis*, 547 U.S. at 822 (Statements are testimonial when "the primary purpose of the interrogation [was] to establish or prove past events potentially relevant to later criminal prosecution."); *De La Paz*, 273 S.W.3d at 680. Furthermore, it is of no consequence that Crosson's statements were recorded by Sergeant Thomas's in-car video equipment.

Moreover, the statements made by Crosson that Appellant challenges do not constitute either formalized testimonial material or ex parte in-court testimony or its functional equivalent. *See Langham*, 305 S.W.3d at 576; *Walter*, 581 S.W.3d at 981. Nor, as we have said, did Crosson's statements occur amidst circumstances that would lead an objective witness to reasonably believe that the statements would be available for use at a later trial. *See Langham*, 305 S.W.3d at 576; *see also Crawford*, 541 U.S. at 51–52. To the contrary, this conversation occurred under circumstances that its participants (Crosson and Appellant) apparently believed to be secretive and

9

unobserved—a desperate assessment, before they were transported to jail, to create a strategy to explain who possessed the methamphetamine and how it was discarded. *See Michigan v. Bryant*, 562 U.S. 344, 358 (2011) (noting that "the most important instances in which the [Confrontation] Clause restricts the introduction of out-of-court statements are those in which state actors are involved in a formal, out-of-court interrogation of a witness to obtain evidence for trial"); *Walker*, 406 S.W.3d at 597. The challenged statements are indicative of Crosson's and Appellant's complicity in the charged offense and their intention to conspire with each other and distort who had possessed the methamphetamine and the manner in which it was discarded. As we have held, statements by a coconspirator that are made in furtherance of a conspiracy are not testimonial. *Walter*, 581 S.W.3d at 981 (citing *Crawford*, 541 U.S. at 56); *see also Arroyo v. State*, 239 S.W.3d 282, 292 (Tex. App.—Tyler 2007, pet. ref'd); *King v. State*, 189 S.W.3d 347, 359 (Tex. App.—Fort Worth 2006, no pet.); *Wiggins v. State*, 152 S.W.3d 656, 659–60 (Tex. App.—Texarkana 2004, pet. ref'd).

Next, Appellant asserts that his confrontation rights were violated when the trial court admitted, over his objection, Investigator Gover's rebuttal testimony regarding the recorded telephone call between Appellant, Crosson, and Appellant's mother, while Appellant was confined in the county jail. Appellant contends that because he and Crosson were aware that jail telephone calls are recorded and because Crosson stated during the recorded call, "We were set up," their discussion was transformed into a testimonial setting and therefore was subject to the protections of the Confrontation Clause. Again, we disagree.

In this case, the statements made by Crosson during the recorded call are not testimonial. *See Crawford*, 541 U.S. at 51; *see also Bryant*, 562 U.S. at 358. Investigator Gover testified that Appellant called his mother and expressed to her that he had not done anything wrong. Crosson also participated in the call and stated,

"We were set up." Here, the record before us does not indicate that Crosson made any statement in this setting for the primary purpose of creating an out-of-court substitute for trial testimony. *See Bryant*, 562 U.S. at 358, *De La Paz*, 273 S.W.3d at 680. The Fourth Circuit Court of Appeals has held that, because jail telephone calls are recorded and may be used in a subsequent criminal prosecution, that circumstance, without more, will not transform the statements that are made during the recorded call into testimonial statements. *United States v. Jones*, 716 F.3d 851, 856 (4th Cir. 2013) (citing *Davis*, 547 U.S. at 822). We agree with the reasoning in *Jones* and conclude that the statements made by Crosson during the recorded jail telephone call, and Investigator Gover's description of them, are not testimonial.

Finally, assuming *arguendo* that the statements made by Crosson during the recorded jail telephone call are testimonial, the trial court did not run afoul of the Confrontation Clause when it admitted Crosson's statements. Appellant's trial counsel offered Crosson's affidavit, which the trial court admitted. This trial strategy opened the door for the State to offer evidence to rebut and impeach the declarations recited in Crosson's affidavit. A party "opens the door" by leaving a false impression with the jury that invites and permits the other party to present evidence to expose, correct, or rebut the false impression. *See Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009); *Schutz v. State*, 957 S.W.2d 52, 71 (Tex. Crim. App. 1997). Here, because Crosson's affidavit was admitted, the State was entitled to present evidence to clarify and rebut any false impression that Crosson's affidavit might have created. Appellant must accept the consequences of the decision to offer Crosson's affidavit, and he cannot now complain that his confrontation rights were violated because the trial court admitted the State's rebuttal evidence. Furthermore, the Confrontation Clause is not violated if a declarant's out-of-court statement, even if testimonial, is offered for the purpose of impeaching another out-of-court statement made by the same declarant. *Del Carmen*

*Hernandez v. State*, 273 S.W.3d 685, 685 (Tex. Crim. App. 2008); *see Wood v. State*, 299 S.W.3d 200, 214 (Tex. App.—Austin 2009, pet. ref'd) ("The Confrontation Clause was not violated in [*Del Carmen*] *Hernandez* because the jury could consider the out-of-court testimonial statement as impeachment without assuming that the statement was true.").

Because we hold that the challenged statements made by Crosson are not testimonial, Appellant's rights under the Confrontation Clause were not implicated. Therefore, the trial court did not abuse its discretion when it admitted the challenged statements. Accordingly, we overrule Appellant's sole issue on appeal.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


March 18, 2021

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.